OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Initially, we note our disagreement with Family Court’s legal conclusion that these circumstances provided an insufficient predicate for the police officers to exercise their common-law right of inquiry (see, People v De Bour, 40 NY2d 210, 223). The officers observed respondent carrying an apparently heavy, though not full, travel bag through an area known for its narcotics and weapons activities and the subject of a precinct alert that day. Respondent was flanked by three companions, one at each side and one in front, and the four were walking in unison, as if marching in formation. Although this behavior may have been consistent with innocence, it was sufficient to provide the officers with "a founded suspicion that criminal activity is afoot”, justifying the officers’ approach to request explanatory information (People v De Bour, supra, at 223).
Nevertheless, there is support in the record for the alternative rationale resting on an undisturbed factual finding that the officers’ actions amounted to a forcible stop, a level of intrusion requiring a reasonable suspicion that the individual so detained has committed, is committing or is about to commit a crime (CPL 140.10; People v De Bour, supra, at 223). It cannot be said that Family Court erred as a matter of law in concluding that the flight of respondent’s companions as the officers approached did not elevate the officers’ suspicions to the level required for a forcible detention.
*827 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, without costs, in a memorandum.