■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICENTE GRANADOS, Also Known as NELSON CRESPO, Appellant. [603 NYS2d 877] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered August 29, 1990, convicting him of murder in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove that he did not act in self-defense. Viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to disprove his defense and establish his guilt beyond a reasonable doubt. The defendant testified that he stabbed the victim at least once, and that he might have stabbed the victim

again. In addition, the defendant testified that after the victim threatened him, the defendant walked away to obtain a knife. When he returned with the knife the victim was not threatening him. The medical examiner testified that the victim sustained several stab wounds, and that in his opinion the cause of death was multiple stab wounds. The only evidence that the defendant acted in self-defense was his own testimony. The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Copertino and Pizzuto, JJ., concur.