■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD D. O'BRIEN, Appellant. [705 NYS2d 258] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered June 5, 1997, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620, 621), we find that

the defense of justification was disproved beyond a reasonable doubt (see, People v Lemaire, 187 AD2d 532). At trial, four eyewitnesses testified that the defendant fired three shots at the victim, who was unarmed. Since the only evidence that the defendant acted in self-defense was his own testimony, the issue of justification presented a question of credibility (see, People v Granados, 198 AD2d 298). The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 96). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contention, he was not entitled to an adverse inference charge regarding the prosecution's failure to produce the victim's clothing at the trial. There was no evidence that the police recovered the clothing at the crime scene, or otherwise had it within their possession and control (see, People v James, 93 NY2d 620; People v Washington, 86 NY2d 189; People v Reedy, 70 NY2d 826). Moreover, the defendant's belated claim of prejudice, made near the end of the trial, was unpersuasive (see, People v Riviere, 173 AD2d 871).

The defendant's remaining contentions are without merit. Bracken, J. P., Ritter, Altman and McGinity, JJ., concur.