■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY WATKINS, Appellant. [729 NYS2d 754] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered July 10, 1999, convicting him of reckless endangerment in the first degree (two counts) and criminal mischief in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not prejudiced by the timing of the People's disclosure of an unsworn statement by a potential prosecution witness who had since left the country. The witness stated that he saw guns in the hands of some of the victims after they had been shot at by the defendant and his accomplices. The statement was disclosed prior to trial and was thus timely under CPL 240.45 (1). The defendant did not show that earlier disclosure would have resulted in the witness's availability (*see, People v Roberson,* 249 AD2d 148, 150).

In addition, there was no *Brady* violation since the information was not exculpatory (*see, Brady v Maryland,* 373 US 83). It is not disputed that the victims were sitting at a booth in a diner when the defendant and two accomplices drove up and fired two handguns and a shotgun at them through the restaurant window. Accordingly, even if the victims then drew weapons, the defendant would not be relieved of responsibility for saturating the diner with gunfire in the first instance (*cf., People v Roberts,* 203 AD2d 600; *People v Robinson,* 133 AD2d 859).

The court properly denied the defendant's application to admit the unavailable witness's hearsay statement into evidence. The statement's inherent unreliability is evidenced by the fact that the same witness made a *sworn* statement in which he told police that he had hidden in the restaurant's basement throughout the shooting episode, and did not emerge until after both the shooters and the victims had left (*see, People v Perry*, 266 AD2d 151, *lv denied* 95 NY2d 856).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not require reversal. Bracken, P. J., Friedmann, Florio and Feuerstein, JJ., concur.