■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNA CARNETT, Appellant. [798 NYS2d 90]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered August 6, 2003, convicting her of robbery in the first degree, criminal possession of a weapon in the third degree, attempted assault in the second degree, petit larceny, criminal possession of stolen property in the fifth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed for the crime of robbery in the third degree, a crime of which the defendant was not convicted; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, she was not entitled to any relief for the failure to turn over alleged *Brady* material (*see Brady v Maryland*, 373 US 83 [1963]). To be deemed *Brady* material, the material must be exculpatory and within the possession, custody, or control of the People (*see People v Johnson*, 195 AD2d 481, 482 [1993]). In the instant case, there was no *Brady* violation because the People never possessed the material in question (*see People v O'Brien*, 270 AD2d 433, 434 [2000]; *People v McCargo*, 251 AD2d 600 [1998]). In addition, the material was not exculpatory (*see People v Watkins*, 286 AD2d 515 [2001]; *People v Delvecchio*, 187 AD2d 726 [1992]).

The defendant's contentions regarding prosecutorial misconduct during cross-examination and summation are either unpreserved for appellate review (*see* CPL 470.05 [2]), without merit, or constitute harmless error in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

However, the sentence for robbery in the third degree reflected in the sentencing minutes and in the court's order of sentence and commitment must be vacated, as the minutes of the verdict demonstrate that the defendant was not convicted of that offense.

The defendant's remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Mastro, JJ., concur.