■ In the Matter of Donna Marie M., Respondent, v Timothy A.M., Appellant. (Proceeding No. 1.) In the Matter of West Seneca Central School District, Petitioner, v Donna Marie M., Respondent, and Timothy A.M., Appellant. (Proceeding No. 2.) In the Matter of Timothy A.M., Petitioner, v Donna Marie M., Respondent. (Proceeding No. 3.) [815 NYS2d 840]—

Appeal from an amended order of the Family Court, Erie County (Paul G. Buchanan, J.), entered April 5, 2005 in a proceeding pursuant to Family Court Act article 7. The amended order, inter alia, granted an order of protection against respondent-petitioner Timothy A.M. until February 14, 2008.

It is hereby ordered that said appeal insofar as it concerns the order entered December 9, 2004 be and the same hereby is unanimously dismissed and the amended order is modified on the law by dismissing the petition filed March 7, 2005 in its entirety and vacating the order of protection and as modified the amended order is affirmed without costs.

Memorandum: Respondent-petitioner Timothy A.M. (respondent) appeals from an amended order that, inter alia, granted an order of protection against respondent in favor of respondent's minor child in proceeding No. 1, i.e., the family offense proceeding. Respondent's contention concerning the issuance of the order of protection in proceeding No. 2, in which the minor child was found to be a person in need of supervision, has been rendered moot by the expiration of that order (*see Matter of Cadejah AA.*, 25 AD3d 1027, 1028-1029 [2006]; *Matter of Jazmone S.*, 18 AD3d 761, 762 [2005]; *Matter of Senator NN.*, 305 AD2d 819, 820 [2003]). We therefore dismiss the appeal insofar as it concerns the order of protection in proceeding No. 2. Respondent contends that Family Court erred in issuing the subsequent order of protection in proceeding No. 1 without holding the requisite hearings pursuant to Family Court Act §§ 832 and 833 (*see Matter of Shevlin v Minas*, 253 AD2d 435 [1998]; *see also Matter of Muldrew v Mixon*, 237 AD2d 942 [1997]; *Matter of Alice C. v Joseph C.*, 212 AD2d 698 [1995]), and that the court erred in setting the duration of that order of protection in excess of two years without "finding . . . on the

record . . . the existence of aggravating circumstances" (Family Ct Act § 842 [i]; *see* § 827 [a] [vii]). We agree with respondent in both respects, and we further conclude that the remaining allegations in the petition in proceeding No. 1 are legally insufficient to constitute a family offense within the meaning of Family Court Act § 812 (1) (*see Di Donna v Di Donna*, 72 Misc 2d 231, 231-233 [1972]; *see also Matter of Jones v Roper*, 187 AD2d 593 [1992]). We therefore modify the amended order accordingly. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Smith and Green, JJ.