■ In the Matter of SHARARD W., a Person Alleged to be a Juvenile Delinquent, Appellant. [817 NYS2d 668]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated September

21, 2004, which, upon a fact-finding order of the same court dated August 11, 2004, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree (two counts) and assault in the third degree, adjudged him to be a juvenile delinquent, and conditionally discharged him for a period of 12 months. The appeal brings up for review the fact-finding order dated August 11, 2004.

Ordered that the appeal from so much of the order of the disposition as conditionally discharged the appellant for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Shanita V.,* 7 AD3d 804 [2004]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appellant contends that there was insufficient evidence that he intended to injure his teacher when he picked up and threw a chair at the back of her head. We disagree. Intent can be inferred from the act itself or from conduct and the surrounding circumstances (*see People v Bracey,* 41 NY2d 296, 301 [1977]; *People v McGee,* 204 AD2d 353, 354 [1994]). Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792 [1987]; *Matter of Nikita P.,* 3 AD3d 499, 500 [2004]; *cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of assault in the second degree under Penal Law § 120.05 (10) (a) and the crime of assault in the second degree under Penal Law § 120.05 (2) (*see Matter of Canvas H.,* 14 AD3d 511 [2005]; *Matter of Adonnica L.,* 1 AD3d 599 [2003]; *Matter of Jeffery M.,* 309 AD2d 937 [2003]). Moreover, upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence (*cf.* CPL 470.15 [5]). Miller, J.P., Adams, Luciano and Rivera, JJ., concur.