■ The People of the State of New York, Respondent, v John Gregory, Appellant. [822 NYS2d 474]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Ferdinand, J.), imposed February 2, 2005, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Miller, Crane, Mastro and Fisher, JJ., concur.

■ The People of the State of New York, Respondent, v Danny Hearns, Appellant. [821 NYS2d 907]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered January 27, 2004, convicting him of attempted murder in the second degree, burglary in the first degree (two counts), kidnapping in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not entitled to any relief based on the failure of the People to turn over alleged *Brady* material (*see Brady v Maryland*, 373 US 83 [1963]). To be deemed *Brady* material, the material must be exculpatory and within the possession, custody, or control of the prosecution (*see People v Carnett*, 19 AD3d 703 [2005]; *People v Johnson*, 195 AD2d 481 [1993]). In the instant case, there was no *Brady* violation because the People never possessed the material in question (*see People v Carnett*, 19 AD3d 703 [2005]; *People v O'Brien*, 270 AD2d 433 [2000]; *People v McCargo*, 251 AD2d 600 [1998]).

The defendant's contention that he was deprived of a fair trial because of prosecutorial misconduct during summation is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, does not require reversal (*see People v Davis*, 28 AD3d 787 [2006]; *People v Ayala*, 4 AD3d 480 [2004]). Further, the Supreme Court providently exercised its discretion in denying the defendant's request for an adjournment to review certain materials (*see People v Spears*, 64 NY2d 698 [1984]; *People v Rodriguez*, 299 AD2d 564 [2002]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.