■ In the Matter of KRISTINE Z., Respondent, v ANTHONY C., Appellant. (Appeal No. 1.) [845 NYS2d 581]—Appeal from an order of the Family Court, Monroe County (Glenn R. Morton, J.H.O.), entered May 19, 2006 in a proceeding pursuant to Family Court Act article 8. The order, insofar as appealed from, denied respondent unsupervised visitation.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs.

Memorandum: Petitioner mother commenced this proceeding pursuant to Family Court Act article 8 alleging that respondent father had committed an act that would constitute harassment in the second degree (Penal Law § 240.26 [1]). Family Court granted the petition and issued an order of protection that, inter alia, awarded the father supervised visitation for one hour per week and " 'as [the] children desire' " (*Matter of Kristine Z. v Anthony C.*, 21 AD3d 1319, 1321 [2005], *lv dismissed* 6 NY3d 772 [2006]). On a prior appeal, we affirmed the order of protection but concluded that the provision permitting visitation as the children desire " 'tend[ed] unnecessarily to defeat the right of visitation' " (*id.*). We therefore vacated the visitation provisions to allow the court, upon remittal, "to fashion whatever visitation it deem[ed] appropriate" (*id.*).

On remittal, the court conducted a hearing, after which it ordered supervised visitation for one hour per week and for "such other and further supervised visitation as the parties mutually agree." The father appeals from that order as well as the order of protection effectuating that order.

The order of protection expired by its own terms on September 23, 2006, and thus any decision with respect to the father's contentions on appeal, which concern only the visitation provisions of the order of protection, "will not, at this juncture, directly affect the rights and interests of the parties" (*Matter of Gansburg v Gansburg*, 127 AD2d 766, 766 [1987]). The appeals

from the orders therefore are dismissed as moot (*see Matter of Rochester v Rochester*, 26 AD3d 387 [2006]; *Matter of Schreiber v Schreiber*, 2 AD3d 1094, 1095 [2003]; *Matter of Dean v Dean*, 208 AD2d 1030 [1994]). Present—Scudder, P.J., Martoche, Centra, Green and Pine, JJ.