■ In the Matter of JOSE A., a Person Alleged to be a Juvenile Delinquent, Appellant. [845 NYS2d 349]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a decision of the Family Court, Suffolk County (Kelly, J.), dated February 16, 2007, and (2) an order of fact-finding and disposition of the same court dated February 16, 2007, made after a hearing, which, inter alia, found that the appellant had committed an act which, if committed by an adult, would have constituted the crime of aggravated sexual abuse in the second degree, adjudged him to be a juvenile delinquent, and placed him with the Office of Children and Family Services for a period of 18 months.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Family Ct Act § 1112; Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; People v Contes, 60 NY2d 620 [1983]; Matter of Jamal C., 186 AD2d 562 [1992]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the "physical injury" element of aggravated sexual abuse in the second degree (see Penal Law § 130.67 [1] [a]). "Physical injury" is defined as "impairment of physical condition" or "substantial pain" (Penal Law § 10.00 [9]). The complainant's testimony established that the appellant's action of putting his fingers in her vagina "hurt" so badly that she was unable to move her legs, felt the need to lie down, and was taken to the hospital. She further testified that she continued to feel pain for "[a]bout two or three days after" and that "[i]t

burned" when she urinated. This evidence was sufficient to support the determination that the complainant sustained a "physical injury" within the meaning of Penal Law § 10.00 (9) (*see Matter of Ashley M.*, 35 AD3d 612, 613 [2006]; *cf. People v Tomczak*, 189 AD2d 926, 927 [1993]; *People v Soto*, 184 AD2d 673, 674 [1992]; *People v Coward*, 100 AD2d 628 [1984]). Contrary to the appellant's contention, any discrepancies between the testimony of the complainant and other witnesses raised issues of credibility for the trier of fact to determine (*cf. People v Johnston*, 273 AD2d 514, 519 [2000]) and did not render the complainant's testimony incredible as a matter of law (*see Matter of Benjamin J.*, 10 AD3d 608, 609 [2004]; *Matter of Learnel W.*, 211 AD2d 727 [1995]).

The appellant's contention that the presentment agency failed to timely turn over *Brady* material (*see Brady v Maryland*, 373 US 83 [1963]) is without merit. To be deemed *Brady* material, the material must be exculpatory and within the possession, custody, or control of the prosecution (*see People v Hearns*, 33 AD3d 722 [2006]; *People v Carnett*, 19 AD3d 703 [2005]). In the instant case, there was no *Brady* violation with regard to the presentment agency's failure to produce a surveillance videotape because there is no evidence that the presentment agency possessed this videotape (*see People v Hearns*, 33 AD3d at 722; *People v Carnett*, 19 AD3d at 703). Nor was there any *Brady* violation with regard to the complainant's medical records. There is no evidence that the presentment agency failed to timely disclose these records, which were not in its possession until just prior to the fact-finding hearing, at which time they were promptly forwarded to the appellant's counsel (*see People v Darling*, 276 AD2d 922, 923 [2000]). Furthermore, the appellant's attorney was given a meaningful opportunity to use the medical records either to cross-examine the presentment agency's witnesses or to use as evidence during his case (*see People v Cortijo*, 70 NY2d 868, 870 [1987]; *People v Myron*, 28 AD3d 681, 684 [2006]).

The Family Court providently exercised its discretion in placing the appellant with the Office of Children and Family Services for a period of 18 months. The Family Court has broad discretion in entering dispositional orders (*see* Family Ct Act § 141). The court is required to choose the least restrictive available alternative consistent with the needs and best interests of the juvenile and the need for the protection of the community (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Benjamin J.*, 10 AD3d 608 [2004]; *Matter of Naiquan T.*, 265 AD2d 331 [1999]; *Matter of Jamil W.*, 184 AD2d 513 [1992]). On this record there

is no basis to disturb the Family Court's determination (*see Matter of Katherine W.*, 62 NY2d 947 [1984]; *Matter of Manuel B.*, 34 AD3d 463 [2006]; *Matter of Carliph T.*, 26 AD3d 440 [2006]). Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.