■ In the Matter of SHAMARRI W., Appellant. [882 NYS2d 713]— In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of fact-finding and disposition (one paper) of the Family Court, Westchester County (Horowitz, J.), entered October 16, 2008, which, after fact-finding and dispositional hearings, found that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of one year.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see* Family Ct Act § 342.2 [2]; *Matter of Ashley M.,* 35 AD3d 612, 613 [2006]; *cf. People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree (*see* Penal Law § 120.05 [10] [a]; *People v Chiddick,* 8 NY3d 445, 447 [2007]; *People v Guidice,* 83 NY2d 630, 636 [1994]; *Matter of Anthony S.,* 305 AD2d 689, 690 [2003]). Moreover, upon the exercise of our independent review power (*cf.* CPL 470.15 [5]), we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*cf. People v Romero,* 7 NY3d 633 [2006]; *see Matter of Sharard W.,* 31 AD3d 458 [2006]; *Matter of Anthony S.,* 305 AD2d at 690).

Contrary to the appellant's contention, the Family Court did not violate his due process rights. The court had sufficient information before it to support the appellant's prepetition detention (*see* Family Ct Act § 307.4 [4] [c]; § 320.5 [3] [a] [ii]; *Matter of Benjamin L.,* 92 NY2d 660, 666 [1999]; *Matter of Brion H.,* 161 AD2d 832, 834 [1990]). Further, since the appellant was not detained for more than three days pending a fact-finding hearing, the failure to accord him a separate probable cause hearing did not violate any statutory right (*see Schall v Martin,* 467 US 253, 270 [1984]; Family Ct Act § 325.1 [1]; *Matter of Jeffrey V.,* 82 NY2d 121, 126 [1993]).

The Family Court properly denied the appellant's motion to dismiss the petition based on an alleged *Brady* violation (*see Brady v Maryland,* 373 US 83, 87 [1963]). The record contains no indication that the presentment agency actually possessed a statement from the subject witness, and the alleged content of the statement was not exculpatory in any event (*see Matter of Javen C.,* 57 AD3d 537 [2008]; *Matter of Jose A.,* 44 AD3d 756, 758 [2007]; *People v Delvecchio,* 187 AD2d 726 [1992]).

The appellant's remaining contentions are without merit. Mastro, J.P., Eng, Belen and Hall, JJ., concur.