■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL CHARLTON, Appellant. [893 NYS2d 167]—

Contrary to the defendant's contention, he was not entitled to the imposition of a sanction against the prosecution for its failure to preserve a video segment purporting to show the crimes in progress, which was contained in a private video surveillance system owned by the complainant's employer and was automatically overwritten by the surveillance system one week later. The lost video segment had never been in the possession of the police or prosecution and, thus, the prosecution did not have an affirmative obligation to preserve this evidence. Moreover, there was no evidence that the failure to preserve the video was the result of bad faith, and the defendant failed to establish any prejudice from its loss. Accordingly, the County Court did not improvidently exercise its discretion in denying the defendant's motion to impose a sanction on the prosecution (see People v James, 93 NY2d 620, 644 [1999]; People v Hearns, 33 AD3d 722 [2006]; People v O'Brien, 270 AD2d 433 [2000]; see also People v Perez, 255 AD2d 403 [1998]).

The defendant's argument that the evidence was legally insufficient to establish that he used or threatened the immediate use of physical force during the commission of the robbery is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Smith, 79 NY2d 309, 315 [1992]; People v Johnson, 215 AD2d 590 [1995]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.