■ In the Matter of JUSTIN CC. and Others, Abused and Neglected Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GEORGE CC., Appellant, and TINA CC., Respondent. (And Another Related Proceeding.) [927 NYS2d 431]—
Spain, J.

Respondent George CC. (hereinafter the father) and respondent Tina CC. (hereinafter the mother) are the parents of three sons (born in 1996, 1999 and 2001), and the mother also has a

daughter from a prior relationship (born in 1992).* In 2006, based on statements made by the daughter to her guidance counselor and evidence adduced at the ensuing investigation, petitioner commenced these proceedings, initially alleging that the children were neglected by respondents and thereafter amending the petitions to allege that the father had sexually abused the daughter and derivatively abused his sons. Following a fact-finding hearing, Family Court sustained these charges and, thereafter, respondents each stipulated to the terms of a dispositional order and the father consented to the entry of an order of protection which, among other things, ordered the father to have no contact with the sons. Respondents appealed from Family Court's order, and we affirmed (*Matter of Justin CC. [Tina CC.]*, 77 AD3d 1056 [2010], *lv denied* 16 NY3d 702 [2011]).

While that appeal was pending, the father brought an order to show cause in Family Court seeking to modify certain terms of the order of protection, including the duration of the order as well as the provision prohibiting contact with the sons. Family Court entered an order modifying the duration of the order of protection (*see* Family Ct Act § 1056) to coincide with the duration of the order of supervision imposed by the dispositional order, set to expire on April 16, 2010, but otherwise denied the father's motion. The father now appeals.

The appeal must be dismissed, as the challenged order of protection has, by its terms, expired (*see Matter of Jenna T. v Mark U.*, 82 AD3d 1512, 1512 n [2011]; *Matter of Brandon DD. [Jessica EE.]*, 74 AD3d 1435, 1437 n 2 [2010]). Contrary to the father's arguments, an expired order of protection does not carry with it the same type of enduring consequences as an order of contempt and, accordingly, we find no exception to the mootness doctrine here (*cf. Matter of Bickwid v Deutsch*, 87 NY2d 862, 863-864 [1995]; *Matter of Loomis v Yu-Jen G.*, 81 AD3d 1083, 1084 [2011]).

Peters, J.P., Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

* The mother surrendered her parental rights with respect to her daughter in 2007, following initial charges against respondents of neglect.