# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1113**
**CAF 11-01011**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

IN THE MATTER OF DEMITRUS B.,
RESPONDENT-APPELLANT.

----------------------------               MEMORANDUM AND ORDER

MONROE COUNTY ATTORNEY,
PETITIONER-RESPONDENT.
(APPEAL NO. 1.)

---

TANYA J. CONLEY, ATTORNEY FOR THE CHILD, ROCHESTER, FOR
RESPONDENT-APPELLANT.

DAVID VAN VARICK, COUNTY ATTORNEY, ROCHESTER (TIMOTHY M. LEXVOLD OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), dated August 19, 2010 in a proceeding pursuant to Family Court Act article 3. The order, inter alia, adjudicated respondent to be a juvenile delinquent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent appeals from an order adjudicating him to be a juvenile delinquent based upon his admission that he committed an act that, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). In appeal No. 2, respondent appeals from an order of protection issued on August 19, 2010. We note at the outset that respondent's contention that the order of protection is invalid has been rendered moot inasmuch as the order has expired by its own terms (*see Matter of Kristine Z. v Anthony C.*, 43 AD3d 1284, *lv denied* 10 NY3d 705; *Matter of Muldrew v Mixon*, 237 AD2d 942). We therefore dismiss the appeal from the order in appeal No. 2. The remainder of our decision herein thus concerns only appeal No. 1.

Contrary to respondent's contention, Family Court properly refused to suppress the tangible evidence seized from respondent by police officers. Respondent's actions in meeting with two other individuals in a "chronic open air drug sale location" and immediately running into a store upon seeing the officers approaching provided the officers with an " 'articulable reason' " for their initial encounter with respondent (*People v Rodriguez*, 82 AD3d 1614, 1615, *lv denied* 17 NY3d 800, quoting *People v De Bour*, 40 NY2d 210, 213; *see People v Reyes*, 83 NY2d 945, 946, *cert denied* 513 US 991; *Matter of James R.*,

76 NY2d 825, 826). Immediately after the initial encounter, the officers observed a surveillance video that showed respondent in the store shoving a "clear plastic sandwich bag" down "the rear of his pants in between his buttocks." When the officers asked him what he shoved down his pants, respondent told them that he did not know what they were talking about. Based on the totality of the circumstances, including the officers' observations and their training and experience regarding the common methods of drug packaging, the officers had probable cause to search respondent, resulting in the seizure of the bags of crack cocaine and money that were in his possession (*see People v Alvarez*, 100 NY2d 549, 550; *People v Febus*, 11 AD3d 554, 556, *lv dismissed* 4 NY3d 743).

Respondent failed to preserve for our review his contention that the police improperly conducted a body cavity search without first obtaining a warrant to do so (*see generally People v Gonzalez*, 55 NY2d 887, 888; *People v Fuentes*, 52 AD3d 1297, 1298, *lv denied* 11 NY3d 736; *People v Ricks*, 49 AD3d 1265, 1266, *lv denied* 10 NY3d 869, 11 NY3d 740). In any event, that contention is without merit. After respondent refused the police officers' request to remove the plastic bag he had shoved down his pants, the officers pulled back respondent's pants and, without touching respondent or invading his anal cavity, retrieved a plastic bag protruding from his buttocks. Thus, the officers conducted a strip search rather than a body cavity search, for which a warrant would have been required in the absence of exigent circumstances (*see generally People v Hall*, 10 NY3d 303, 310-313, *cert denied* ___ US ___, 129 S Ct 159).

Respondent's contention that the testimony of a police officer regarding the surveillance video should have been precluded on the ground that petitioner was obligated to preserve the video is raised for the first time on appeal and is therefore not preserved for our review (*see* CPL 470.05 [2]). In any event, that contention is without merit because neither the police nor petitioner ever had possession or control of the video and thus petitioner had no obligation to preserve it (*see People v Acosta*, 74 AD3d 1213, 1214, *lv denied* 15 NY3d 849; *People v Charlton*, 69 AD3d 647, *lv denied* 14 NY3d 799; *see generally People v James*, 93 NY2d 620, 644).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court