# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**13**

**CAF 11-00829**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND GORSKI, JJ.

---

IN THE MATTER OF SARAH C.B.,
RESPONDENT-APPELLANT.

----------------------------

LIVINGSTON COUNTY ATTORNEY,
PETITIONER-RESPONDENT.

MEMORANDUM AND ORDER

---

CHARLES PLOVANICH, ROCHESTER, ATTORNEY FOR THE CHILD, FOR
RESPONDENT-APPELLANT.

---

Appeal from an amended order of the Family Court, Livingston
County (Robert B. Wiggins, J.), entered March 9, 2011 in a proceeding
pursuant to Family Court Act article 7. The amended order, among
other things, adjudged that respondent is a person in need of
supervision.

It is hereby ORDERED that said appeal from that part of the
amended order that directed respondent to abide by certain conditions
is unanimously dismissed, and the amended order is otherwise affirmed
without costs.

Memorandum: Respondent appeals from an amended order
adjudicating her to be a person in need of supervision (PINS) and
directing her to abide by certain conditions, including an order of
protection. We note at the outset that respondent's contentions
regarding those conditions have been rendered moot inasmuch as that
part of the amended order has expired by its own terms (*see generally
Matter of Demitrus B.*, 89 AD3d 1421; *Matter of Donna Marie M. v
Timothy A.M.*, 30 AD3d 1012). We therefore dismiss the appeal from
that part of the amended order.

Contrary to respondent's contention, Family Court "may, with the
consent of petitioner, substitute a petition alleging that respondent
is a person in need of supervision for a petition alleging that . . .
she is a juvenile delinquent" (*Matter of Felix G.*, 56 AD3d 1285; *see*
Family Ct Act § 311.4 [1]). Here, respondent not only agreed to such
a substitution but she in fact moved to substitute a PINS petition for
the juvenile delinquency petition that was filed originally, and we
thus conclude that she waived her current contentions concerning that
substitution. Furthermore, by consenting to the amendment of the
juvenile delinquency petition, respondent also waived her contentions
regarding that amendment.

Finally, we reject respondent's contention that the original
juvenile delinquency petition was defective. Contrary to respondent's

contention, the "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]).  Specifically, the petition sufficiently alleged that the victim suffered an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]; *see generally People v Chiddick*, 8 NY3d 445, 447).

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court