# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

563
CAF 11-00658
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF ROMEO M.
--------------------------------------------
GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

NICOLE R., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR RESPONDENT-APPELLANT.

CHARLES N. ZAMBITO, COUNTY ATTORNEY, BATAVIA (PAULA A. CAMPBELL OF
COUNSEL), FOR PETITIONER-RESPONDENT.

JACQUELINE M. GRASSO, ATTORNEY FOR THE CHILD, BATAVIA, FOR ROMEO M.

---

Appeal from an order of the Family Court, Genesee County (Eric R.
Adams, J.), entered March 1, 2011 in a proceeding pursuant to Family
Court Act article 10.  The order adjudged that respondent had
neglected the subject child and placed respondent under the
supervision of petitioner.

It is hereby ORDERED that said appeal is unanimously dismissed
without costs.

Memorandum:  In each appeal, respondent mother appeals from an
order of fact-finding and disposition entered March 1, 2011,
respectively, in a proceeding pursuant to Family Court Act article 10.
The orders placed the mother under petitioner's supervision pursuant
to Family Court Act § 1057 upon a finding that she neglected the
subject children.  The orders also directed the mother to abide by
certain conditions, including those set forth in an order of
protection that was "issued simultaneously herewith and made part" of
the two orders on appeal.  On appeal, the mother seeks to modify the
order of protection by striking certain provisions.  We dismiss the
mother's appeals as moot inasmuch as the challenged order of
protection has, by its terms, expired (*see Matter of Justin CC.*, 86
AD3d 725, 726; *see generally Matter of Sarah C.B.*, 91 AD3d 1282,
1283).  "[A]ny corrective measures which this Court might undertake
would have no practical effect" (*Matter of Leslie H. v Carol M.D.*, 47
AD3d 716, 716; *see Matter of Kristine Z. v Anthony C.*, 43 AD3d 1284,
*lv denied* 10 NY3d 705), and we conclude that the exception to the
mootness doctrine does not apply herein (*see Justin CC.*, 86 AD3d at
726; *see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-

715).

Frances E. Cafarell
Clerk of the Court