Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered February 10, 2011, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.
*776 Ordered that the judgment is affirmed.
The defendant was convicted of burglary in the second degree for burglarizing the apartment of the mother of his son. At trial, evidence was presented that the defendant pawned proceeds of the burglary under his own name, and that the defendant left a voice mail for the complainant stating that she should not go to the District Attorney and that she was going to get her property back. A recording of the voice mail was played to the jury without objection.
There is no merit to the defendant’s contention that the judgment of conviction should be reversed because the People failed to timely disclose a separate recording of an incriminating telephone call which the defendant placed from jail approximately 40 days prior to the trial, in which he admitted to a third party that he removed items from the complainant’s apartment. The People timely subpoenaed the defendant’s telephone records from the New York City Department of Correction (hereinafter DOC) and, when the DOC failed to respond, served a second subpoena shortly before trial. The People received the defendant’s telephone records during the afternoon of the first day of trial testimony, and the trial prosecutor promptly disclosed them to the defendant (see People v Colavito, 87 NY2d 423 [1996]; People v Belgrave, 51 AD3d 939 [2008]; Matter of Jose A., 44 AD3d 756, 757 [2007]). The record does not support the defendant’s contention that, had his counsel been aware of the recording, she would have pursued a different strategy at trial (cf. People v Kelley, 19 NY3d 887, 889-890 [2012]; People v Thompson, 71 NY2d 918, 919-920 [1988]). Likewise, there is no reasonable possibility that earlier disclosure of the material might have led to a different outcome of the trial (see People v Belgrave, 51 AD3d at 939; People v Johnstone, 131 AD2d 782 [1987]).
Skelos, J.P, Lott, Cohen and Hinds-Radix, JJ., concur.