# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**669**

**KAH 14-02147**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
DANIEL FINLAY, PETITIONER-RESPONDENT,

                V                                MEMORANDUM AND ORDER

HONORABLE DAVID S. GIDEON, TOWN JUSTICE, TOWN
OF DEWITT, RESPONDENT-APPELLANT.
-------------------------------------------------
THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT.

---

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR APPELLANT.

CERIO LAW OFFICES, SYRACUSE (DAVID W. HERKALA OF COUNSEL), FOR
RESPONDENT-APPELLANT.

STEVEN SHIFFRIN, ITHACA, FOR PETITIONER-RESPONDENT.

SATTER LAW FIRM, PLLC, SYRACUSE (MIMI C. SATTER OF COUNSEL), AND UCLA
SCHOOL OF LAW, SCOTT & CYAN BANISTER FIRST AMENDMENT CLINIC, LOS
ANGELES, CALIFORNIA (EUGENE VOLOKH, OF THE CALIFORNIA BAR, ADMITTED
PRO HAC VICE, OF COUNSEL), FOR PROFESSORS DAVID COLE, RICHARD GARNETT,
MARTIN REDISH, MARK RIENZI, JONATHAN VARAT AND JAMES WEINSTEIN, AMICUS
CURIAE.

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
VERA HOUSE, INC., AMICUS CURIAE.

---

    Appeals from a judgment (denominated order/judgment) of the
Supreme Court, Onondaga County (John J. Brunetti, A.J.), entered March
24, 2014 in a habeas corpus proceeding. The judgment granted the
petition.

    It is hereby ORDERED that said appeals are dismissed without
costs.

    Memorandum: Petitioner commenced this habeas corpus proceeding
seeking to challenge the terms of a temporary order of protection
issued by respondent, a Town Court Justice. Respondent and the People
appeal from a judgment discharging petitioner of all restraints
imposed on his liberty by that temporary order. Initially, we agree
with the dissent that a habeas corpus petition was not the proper
vehicle to seek vacatur or review of the temporary order of protection
herein because petitioner's liberty was not "restrained to such a

degree as to entitle him to the extraordinary writ of habeas corpus" (*People ex rel. Murray v Bartlett*, 89 NY2d 1002, 1003). We note, however, that the order of protection at issue has expired by its own terms (*see Matter of Justin CC. [George CC.-Tina CC.]*, 86 AD3d 725, 726; *see generally Matter of Sarah C.B.*, 91 AD3d 1282, 1283), and the Town Court that issued it has issued a permanent order of protection in conjunction with the sentence imposed on petitioner upon his subsequent plea of guilty. Thus, "any corrective measures which this Court might undertake would have no practical effect" (*Matter of Leslie H. v Carol M.D.*, 47 AD3d 716, 716; *see Matter of Kristine Z. v Anthony C.*, 43 AD3d 1284, 1284, *lv denied* 10 NY3d 705). Finally, we conclude that the exception to the mootness doctrine does not apply herein (*see Justin CC.*, 86 AD3d at 726; *see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). We therefore dismiss the appeals.

All concur except CENTRA, J., who dissents and votes to reverse in accordance with the following memorandum: The People and respondent appeal from a judgment granting a petition for a writ of habeas corpus and ordering that petitioner is "discharged of all restraints imposed upon his liberty by" a temporary order of protection issued by respondent. Respondent issued the temporary order of protection after petitioner was arrested because of his participation in a demonstration at a New York Air National Guard Base (base). The temporary order of protection required petitioner to, inter alia, stay away from the home and workplace of the installation commander of the base.

I agree with the majority, as do the People and petitioner, that these appeals are moot inasmuch as the temporary order of protection has expired. Contrary to the conclusion of the majority, however, I further agree with the People and petitioner that the exception to the mootness doctrine applies herein. The preliminary issue raised on appeal by the People and respondent is whether habeas corpus relief is available to challenge a temporary order of protection. An appeal that is moot may nevertheless be considered on the merits when it is demonstrated that there is "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). In my view, the procedural issue whether a habeas corpus proceeding is a proper vehicle to challenge a temporary order of protection is an issue that is likely to repeat inasmuch as parties restrained by a temporary order of protection may now, on the authority of this case as it is decided by the majority, commence a habeas corpus proceeding seeking vacatur or review of such orders. The issue also will typically evade review because, by the time the appeal is before us, the temporary order will have expired. Finally, the issue whether a habeas corpus proceeding is the proper vehicle to seek vacatur or review of a temporary order of protection raises a novel issue for the courts.

I agree with the People and respondent that habeas corpus relief

is not available to petitioner because he was not sufficiently restrained in his liberty.  A writ of habeas corpus is available to any person who is "illegally imprisoned or otherwise restrained in his [or her] liberty with the state" (CPLR 7002 [a]).  In my view, petitioner here was not "restrained to such a degree as to entitle him to the extraordinary writ of habeas corpus" (*People ex rel. Murray v Bartlett*, 89 NY2d 1002, 1003).  By way of example, habeas relief is not available to a person released to parole supervision (*see People ex rel. McBride v Alexander*, 54 AD3d 423, 424), and the level of restraint imposed on petitioner by the temporary order of protection is far less than that of a person subject to parole supervision.  I would therefore reverse the judgment, vacate the writ of habeas corpus, and dismiss the petition.

Entered:  June 19, 2015                    Frances E. Cafarell
                                            Clerk of the Court