People v Elnour (2024 NY Slip Op 50921(U))

[*1]

People v Elnour

2024 NY Slip Op 50921(U)

Decided on July 18, 2024

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 18, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Karim Elnour, Defendant

Docket No. CR-046217-23KN

Prosecution: Kings County District Attorney's Office by ADA Susana Sosa
Defendant: The Law Offices of Kevin M James, PLLC by Kevin James, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that omissions in the Prosecution's automatic discovery render their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion is DENIED.
 BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a misdemeanor complaint charging PL §215.50(3), Criminal Contempt in the Second Degree on December 18, 2023. On January 26, 2024, the Prosecution served and filed a superseding information (SSI). On March 14, 2024, the Prosecution served and filed a COC and SOR. On March 18 and 19, 2024, Defendant, through counsel, conferred with the Prosecution about missing discovery. On April 18, 2024, the Prosecution served and filed a Supplemental Certificate of Compliance (SCOC) with additional discovery. On July 9, 2024, the Prosecution served and filed another SCOC with additional discovery.
The charges in this case arise from Defendant's alleged text messages with the complainant in violation of an order of protection issued by Family Court. Defendant argues that the Prosecution's failure to provide the name of the registered owner of the cell phone number with which Defendant is accused of text messaging renders the COC invalid. Defendant argues this information constitutes Brady material, as the cell phone number is registered to the complainant's mother, who is not the subject of the order of protection and with whom Defendant regularly communicates about childcare.
The Prosecution argues their COC and SOR were filed in good faith and valid under CPL § 245.50. The Prosecution points out that they diligently subpoenaed the phone records pertaining to the text message conversation for which Defendant now stands charged and disclosed the records upon receipt. They argue the information Defendant seeks is not relevant to the case because Defendant was intentionally communicating with the complainant on her mother's phone. The Prosecution argues the substance of the texts evinces belies Defendant's awareness that the complainant, not her mother, was the person with whom he was text messaging. Regardless, the Prosecution also argues that Defendant contacted the complainant's mother merely to communicate with the complainant, a violation of the order of protection. Under the circumstances, the Prosecution argues that the fact that the phone does not belong to the complainant is not Brady evidence. The Prosecution also asks the Court to disregard Defendant's motion as untimely. They point out that twice the Court set motion deadlines that Defendant failed to meet. Specifically, they state that on March 22, the Court ordered Defendant to file motions by April 12. On June 10, the Court ordered Defendant to file motions by June 14. Defendant did not file his motion until June 17. 

RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution . . . shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
Pursuant to CPL §30.30(1)(b), the prosecution must declare trial readiness within ninety days from the date of commencement of a misdemeanor criminal action. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial . . . until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 

ANALYSIS
CPL §215.50(3) requires, in pertinent part, proof that the defendant intentionally disobeyed a lawful court mandate. The order of protection at the center of this case directs Defendant to have no contact with the complainant.[FN1]
The prohibition stands regardless of whose phone the complainant is using. The order also prohibits third-party workarounds to communicate with the complainant, such as Defendant sending messages to the complainant's mother that are intended for the complainant.
In a criminal prosecution, the defendant has a due process right to a fair trial (Brady v Maryland, 373 U.S. 83 [1963]). When the prosecution suppresses evidence that is favorable to the defendant and material to the issue of guilt or innocence, the defendant's due process right is violated (Brady v Maryland, 373 U.S. at 87). When a defendant has knowledge of or full access to the material, it is not deemed to be Brady material (People v Gordon, 237 AD2d 376 [1997]). Defendant argues that the following constitutes Brady material: the phone number and the name of its registered owner with whom Defendant is accused of having a texting exchange, insofar as it is not the complainant; the entire text message history between Defendant and the complainant's mother, which shows habitual communication about childcare; evidence that the complainant has pretended to be her mother in prior texting exchanges with Defendant; and when, if ever, the complainant identified herself to Defendant during the text exchange for which he is now criminally accused.
The Court does not agree with Defendant that the name of the registered owner of the phone number with whom he is accused of sending and receiving text messages constitutes Brady material, because this information does not, itself, exculpate Defendant (see People v Hayes, 17 NY3d 46 [2011]; People v Dubois, 116 AD3d 878 [2014]; Matter of Shamarri W., 64 AD3d 785 [2009]). He could just as easily violate the order of protection by contacting the complainant on her mother's phone as he could by talking to her on a public payphone or sending text messages directly to her cell phone. Similarly, text messages from prior exchanges are not Brady material because Defendant has full access to them through his own phone data and records and they do not bear on his guilt or innocence for the specific conduct for which he is charged (People v Carter, 258 AD2d 409, 412 [1999]; see People v Fein, 18 NY2d 162, 170 [1966]; People v LaRocca, 172 AD2d 628 [1991]; People v Seeley, 179 Misc 2d 42, 50 [1998]). Defendant's final purported item of Brady material, when the complainant identified herself in the text exchange, is a contradictory demand. If the complainant identified herself during the conversation, such an admission would not be favorable to Defendant; in fact, it may be proof of his guilt, depending on whether he responded. Conversely, if she never identified herself, there is nothing for the Prosecution to disclose beyond the full record of the text conversation, which they assert they have done. Moreover, Defendant does not deny his participation in the conversation; thus, he has full knowledge of it (see People v Doshi, 93 NY2d 499 [1999])
On the other hand, the complainant's mother is not a protected party; Defendant is within his rights to communicate with her for any purpose other than as a means to reach the complainant. Contrary to the Prosecution's argument, it is not clear from the text messages in [*2]question that Defendant knew who was on the other end of the phone. Defendant never called her by name or used any other identifying language, and the Court sees no indication that the complainant identified herself. The identity of Defendant's text messaging counterpart is a material issue of fact in this case, as is his knowledge of it. Although not per se dispositive, proof that the phone number sending and receiving text messages with Defendant does not belong to the complainant may provide the outline of a colorable defense. The Court finds that the phone number with which Defendant allegedly sent and received text messages and name of the person to whom that phone number is registered are discoverable (CPL §§ 245.20[1][c], [k]). That leaves the question of the Prosecution's obligation when they do not possess or control the materials at issue.
The prosecution is required to make diligent, good faith efforts to ascertain the existence of and disclose discoverable materials that are not in their possession unless the defendant can obtain them himself by issuing a subpoena duces tecum (CPL §245.20[2]). The Prosecution states, and the Court credits, that the complete cell phone record for the line with which Defendant conversed over text message is not in their possession and would require a subpoena to obtain. However, Defendant may not be able to subpoena it if, for instance, he does not know which cell phone carrier issued the line. It is not clear from the information presented to the Court whether Defendant could in fact obtain the record himself by a subpoena duces tecum. In accordance with CPL §245.20(2), the Prosecution is ordered to provide Defendant with all information necessary to subpoena the full phone record, to the extent he requires any.
Finally, the Court must consider how, if at all, this affects the validity of the COC. A COC is valid only if it is filed in good faith after exercising due diligence (CPL §245.50[1]). Due diligence does not require perfection on the part of the prosecution (People v Bay, 41 NY3d 200 [2023]). In this case, the Prosecution turned over the text messages at issue, the phone records in their possession, and more than fifty other discoverable materials prior to filing their COC. Under the circumstances, the Court finds that the Prosecution exercised due diligence (People v Bay, 41 NY3d 200; People v Cooperman, 225 AD3d 1216 [2024]). As such, the COC was reasonable under the circumstances and statutorily valid (CPL §245.50[1]).

CONCLUSION
The case commenced on December 18, 2023. The Prosecution filed a valid COC on March 14, 2024, stopping the speedy trial clock. They are charged eighty-seven days. Because they have not exceeded their speedy trial time, Defendant's motion to dismiss is denied (CPL §30.30).
The Prosecution's argument that Defendant's motion is untimely is rendered moot.
This constitutes the decision and order of the Court.
Dated: July 18, 2024
Hon. Joshua Glick, JCC

Footnotes

Footnote 1:The order carves out an exception for communicating with the complainant about their child via a specific application. However, the exception is irrelevant here, as Defendant is not alleged to have been using the application to communicate with the complainant.