■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL M. SWANK, Appellant. (Appeal No. 1.) [717 NYS2d 438] —Judgment unanimously affirmed. Memorandum: Defendant failed to move to withdraw his pleas of guilty or to vacate the judgments convicting him of burglary in the third degree (appeal No. 1) and attempted burglary in the second degree (appeal No. 2), and thus his contention that those pleas were not knowingly or voluntarily entered is not preserved for our review (*see, People v Lopez*, 71 NY2d 662, 665). Contrary to defendant's contention, County Court properly accepted the pleas and sentenced defendant without conducting further inquiry into possible intoxication defenses to those charges. Defendant admitted committing those crimes "and his factual colloquy established that he knew exactly what he was doing" (*People v Farnham* [appeal No. 1], 254 AD2d 767, *lv denied* 92 NY2d 949; *see, People v Charnock,* 239 AD2d 933, 934). Because defendant's recitation of the facts did not cast significant doubt upon defendant's guilt or otherwise call into question the voluntariness of the plea, the narrow exception to the preservation requirement does not apply (*see, People v Lopez, supra,* at 666).

We reject defendant's contention that the court erred in determining the amount of restitution imposed upon the violation of probation and the burglary and attempted burglary convictions without conducting a hearing. Defendant's challenge to the amount of restitution fixed by the court as a condition of the original sentence of probation is not properly before us on the appeal from the judgment revoking that sentence and resentencing defendant (appeal No. 3) (*see, People v Ambriati,* 239 AD2d 948, *lv denied* 90 NY2d 901). With respect to the restitution imposed upon the remaining convictions, defendant expressly waived his right to a hearing on the amount of restitution as long as it did not exceed $1,500, and the amount imposed did not exceed that limit (*see, People v Ormsby,* 242 AD2d 840, *lv denied* 91 NY2d 895, 975; *see also, People v McElrath,* 241 AD2d 932). In any event, the court's findings with respect to the amount of restitution are supported by the record (*see, People v Leonidow,* 256 AD2d 917, 918-919, *lv denied* 93 NY2d 875).

The challenge by defendant to the severity of the sentence of imprisonment does not survive his waiver of the right to appeal (*see, People v Lococo,* 92 NY2d 825, 827). (Appeal from Judgment of Oswego County Court, Hafner, Jr., J.—Burglary,

3rd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Wisner and Lawton, JJ.