3rd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Wisner and Lawton, JJ.

▄▄▄▄ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL M. SWANK, Appellant. (Appeal No. 2.) [718 NYS2d 660] —Judgment unanimously affirmed. Same Memorandum as in *People v Swank* (278 AD2d 861 [decided herewith]). (Appeal from Judgment of Oswego County Court, Hafner, Jr., J.—Attempted Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Wisner and Lawton, JJ.

▄▄▄▄ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL M. SWANK, Appellant. (Appeal No. 3.) [718 NYS2d 251] —Judgment unanimously affirmed. Same Memorandum as in *People v Swank* (278 AD2d 861 [decided herewith]). (Appeal from Judgment of Oswego County Court, Hafner, Jr., J.— Violation of Probation.) Present—Pigott, Jr., P. J., Green, Hayes, Wisner and Lawton, JJ.

▄▄▄▄ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW GARDNER, Appellant. [717 NYS2d 438] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in resentencing defendant upon finding that he violated a condition of probation without ordering an updated presentence report. Defendant did not request that the original presentence report prepared less than five months earlier be updated, and the court was familiar with changes in defendant's status since the preparation of that report (*see, People v Shattuck,* 214 AD2d 1026, *lv denied* 86 NY2d 740; *see also, People v Travers,* 234 AD2d 808, 809). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Oswego County Court, Hafner, Jr., J.—Violation of Probation.) Present—Pigott, Jr., P. J., Green, Hayes, Wisner and Lawton, JJ.

▄▄▄▄ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MOODY, JR., Appellant. [718 NYS2d 513] —Judgment unanimously modified on the facts and as modified affirmed and matter remitted to Erie County Court for sentencing in accordance with the following Memorandum: Defendant contends that the judgment should be modified by reducing the conviction from robbery in the first degree (Penal Law § 160.15 [4]) to robbery in the second degree (Penal Law § 160.10 [2] [b]) based on proof of the affirmative defense to robbery in the first degree. We agree. Upon our review of the evidence, we find that the jury "failed to give the evidence the weight that it should be accorded" (*People v Bleakley,* 69 NY2d 490, 495). Although by