THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE COLON, Appellant. [913 NYS2d 658]—

Judgment, Supreme Court, New York County (Bruce Allen, J., at hearings; Maxwell Wiley, J., at plea and sentence), rendered July 22, 2009, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 3½ years, unanimously reversed, on the law and on the facts, defendant's suppression motion granted, and the indictment dismissed.

The police obtained a warrant that authorized a search of defendant and his vehicle, but did not authorize any kind of body cavity search. The police took defendant to the precinct, where a pat-down search revealed a gravity knife and currency but no drugs. The police then conducted a strip search and visual body cavity search which led an officer to notice a white object in defendant's buttocks. The police removed the white object, which was a piece of toilet paper rolled in a ball around 29 glassines of heroin, and removed another object they saw behind the toilet paper, which also contained drugs.

Whether or not there was a manual body cavity search (see People v Hall, 10 NY3d 303, 306-307 [2008], cert denied 555 US —, 129 S Ct 159 [2008]), in addition to the visual body cavity search we find that the facts here did not even provide reasonable suspicion justifying a visual body cavity search. To conduct "a visual cavity inspection, the police must have a specific, articulable factual basis supporting a reasonable suspicion to believe the arrestee secreted evidence inside a body cavity . . . [V]isual cavity inspections . . . cannot be routinely undertaken as incident to all drug arrests or permitted under a police department's blanket policy that subjects persons suspected of certain crimes to these procedures" (People v Hall, 10 NY3d at 311).

There were no such particularized facts here. The police officers' generalized knowledge that drug sellers often keep drugs in their buttocks, and the fact that no drugs were found in a search of defendant's clothing were insufficient. While there

may be scenarios where the logical inference to be drawn from the absence of drugs in a defendant's clothing is that he or she must have them in a body cavity, because the drugs had to be somewhere, no such inference could be drawn here. The information that led to the issuance of a warrant nine days earlier gave the police reason to believe that defendant was a person likely to be carrying drugs, but gave no specific reason to believe he ever carried them in his buttocks. Under the facts presented, the absence of drugs in his clothing was consistent with the possibility that he was not carrying drugs at all on that particular occasion. Concur—Tom, J.P., Moskowitz, Freedman, Richter and Manzanet-Daniels, JJ.