■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACEY ROBBINS, Also Known as REGINA ROBINSON, Appellant. [921 NYS2d 608]—Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered December 10, 2008. The judgment convicted defendant, upon her plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]). Prior to sentencing, defense counsel retracted defendant's pro se motion to withdraw her plea of guilty before it was decided and, at the time of sentencing, defendant appeared with new defense counsel, who again retracted the pro se motion to withdraw the plea before it was decided. Defendant thus has abandoned her present challenge concerning that retracted motion (*see People v Mower*, 97 NY2d 239, 246 [2002]; *see also People v Drennan*, 81 AD3d 1279 [2011]). As the People correctly concede, defendant's waiver of the right to appeal does not encompass her challenge to the severity of the sentence because defendant entered the waiver before being advised of the maximum sentence she could receive (*see People v Rizek* [appeal No. 1], 64 AD3d 1180 [2009], *lv denied* 13 NY3d 862

[2009]; *People v Martinez*, 55 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 927 [2009]; *cf. People v Lococo*, 92 NY2d 825, 827 [1998]). Contrary to defendant's contention, however, the period of postrelease supervision imposed by Supreme Court is not unduly harsh or severe. Present—Smith, J.P., Peradotto, Carni, Sconiers and Green, JJ.