# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

484

KA 09-02374

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

CALVIN BUTLER, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (RANDOLPH V. KRUMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Ontario County Court (William F. Kocher, J.), rendered November 9, 2009. Defendant was resentenced upon his conviction of criminal sale of a controlled substance in the fifth degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), and he appeals from the resentence on that conviction. Defendant contends that he raised various possible defenses during the plea colloquy and thus that County Court erred in failing to conduct a sufficient inquiry to ensure that the plea was knowingly, voluntarily, and intelligently entered. That contention is unpreserved for our review inasmuch as defendant did not move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Davis*, 37 AD3d 1179, 1179, *lv denied* 8 NY3d 983; *People v Swank*, 278 AD2d 861, 861, *lv denied* 96 NY2d 807; *see also People v Simpson*, 19 AD3d 945), and this case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666) because nothing in the plea allocution calls into question the voluntariness of the plea or casts "significant doubt" upon defendant's guilt (*People v Lewandowski*, 82 AD3d 1602, 1602; *see Swank*, 278 AD2d at 861). In any event, there is no merit to defendant's contention.

We reject the further contention of defendant that his absence from a pretrial conference deprived him of the right to be present at a material stage of the criminal proceeding. Where a proceeding "involves only questions of law or procedure," a defendant's presence is not required (*People v Rodriguez*, 85 NY2d 586, 591; *see People v*

*Levy*, 52 AD3d 1025, 1028; *People v Afrika*, 13 AD3d 1218, 1222, *lv denied* 4 NY3d 827).  Here, we conclude that defendant did not have a right to be present at the conference because "the subject legal discussion did not implicate his peculiar factual knowledge or otherwise present the potential for his meaningful participation" (*People v Fabricio*, 3 NY3d 402, 406; *see People v Robinson*, 28 AD3d 1126, 1128, *lv denied* 7 NY3d 794; *People v Houk*, 222 AD2d 1074, 1075).

Defendant failed to preserve for our review his contention that the People failed to comply with the procedural requirements of CPL 400.21 when he was resentenced as a second felony drug offender (*see People v Pellegrino*, 60 NY2d 636, 637; *People v Mateo*, 53 AD3d 1111, 1112, *lv denied* 11 NY3d 791; *People v Beu*, 24 AD3d 1257, *lv denied* 6 NY3d 809).  In any event, defendant waived strict compliance with that statute by admitting the prior felony conviction in open court (*see People v Perez*, 85 AD3d 1538, 1541; *People v Vega*, 49 AD3d 1185, 1186, *lv denied* 10 NY3d 965).  Defendant's further contention that he does not qualify as a second felony offender pursuant to Penal Law § 70.06 need not be preserved for our review and thus is properly before us (*see People v Samms*, 95 NY2d 52, 56-57; *People v Ramos*, 45 AD3d 702, 703, *lv denied* 10 NY3d 770).  We conclude, however, that it is without merit.  Although defendant's sentence upon the prior felony conviction was imposed more than 10 years before the commission of the present felony, the 10-year period is extended by any period of time during which he was incarcerated (*see* § 70.06 [1] [b] [iv], [v]), and we therefore conclude that defendant was properly resentenced as a second felony drug offender.

Entered:  June 8, 2012                    Frances E. Cafarell
                                          Clerk of the Court