# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**323**

**KA 11-01386**

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

WILLIAM J. BUTLER, DEFENDANT-APPELLANT.

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered June 28, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence imposed and as modified the judgment is affirmed, and the matter is remitted to Genesee County Court for the filing of a predicate felony offender statement and resentencing.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [12]). Contrary to defendant's contention, County Court properly refused to suppress the physical evidence that the police observed and removed from defendant's clenched buttocks during a strip search. Defendant contends that the search warrant permitting a search of defendant's residence and person for a gun and narcotics did not authorize the systematic search of defendant, pursuant to which the police required him to remove one article of clothing at a time. We reject that contention inasmuch as the search warrant specifically directed a search of defendant's person (*cf. People v Mothersell*, 14 NY3d 358, 361). Although no narcotics were found in defendant's clothing, the police observed a plastic bag protruding from his clenched buttocks during a visual inspection of his body. Contrary to defendant's further contention, the police did not conduct a "visual body cavity inspection," which "occurs when a police officer looks at [a defendant's] anal or genital cavities, usually by asking [the defendant] to bend over" or squat (*People v Hall*, 10 NY3d 303, 306, *cert denied* 555 US 938; *cf. Mothersell*, 14 NY3d at 361; *People v Colon*, 80 AD3d 440, 440), nor did they conduct a "manual body cavity

search," which "includes some degree of touching or probing of a body cavity that causes a physical intrusion beyond the body's surface" (*Hall*, 10 NY3d at 306-307).  Instead, the police removed the plastic bag containing crack cocaine "without touching [defendant] or invading his anal cavity" (*Matter of Demitrus B.*, 89 AD3d 1421, 1422).

Defendant failed to preserve for our review his contention that the People failed to comply with the procedural requirements of CPL 400.21 when he was sentenced as a second felony offender (*see People v Butler*, 96 AD3d 1367, 1368, *lv denied* 20 NY3d 931).  We nevertheless exercise our power to reach that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]), and conclude that the record does not reflect that the People filed a statement as required by CPL 400.21 (2), or that defendant admitted the prior felony (*cf. Butler*, 96 AD3d at 1368).  We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for the filing of a predicate felony offender statement pursuant to CPL 400.21 prior to resentencing (*see People v Carrasquillo*, 96 AD3d 1369, 1369).

Finally, the sentence is not unduly harsh or severe.

Entered:  April 26, 2013                      Frances E. Cafarell
                                              Clerk of the Court