# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**384**

**KA 12-00824**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

DORIAN FACEN, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID R. PANEPINTO
OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (M.
William Boller, A.J.), rendered March 16, 2012. The judgment
convicted defendant, upon his plea of guilty, of criminal possession
of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his
plea of guilty, of criminal possession of a controlled substance in
the fifth degree (Penal Law § 220.06 [5]), defendant contends that all
of the physical evidence seized by the police, as well as his
statements to the police, should have been suppressed because they
were obtained as the result of an improper stop of the vehicle in
which he was riding. Defendant failed to raise that contention in his
motion papers or before the suppression court, and thus it is not
preserved for our review (*see generally People v Fuentes*, 52 AD3d
1297, 1298, *lv denied* 11 NY3d 736; *People v Ricks*, 49 AD3d 1265, 1266,
*lv denied* 10 NY3d 869, *reconsideration denied* 11 NY3d 740). In any
event, that contention is without merit inasmuch as "the testimony
adduced at the suppression hearing established that the police
officers' traffic stop was supported by the requisite probable cause
to believe that there had been a violation of Vehicle and Traffic Law
§ 375 (12-a) (b)" (*People v Collins*, 105 AD3d 1378, 1379, *lv denied* 21
NY3d 1003; *see People v Estrella*, 48 AD3d 1283, 1285, *affd* 10 NY3d
945, *cert denied* 555 US 1032).

Contrary to defendant's further contention, Supreme Court did not
err in refusing to suppress the physical evidence that the police
investigator removed from defendant's clenched buttocks after
defendant informed the investigator that "he had some crack in his
pants and he would take it out before we went to the holding center."

The court properly found that "defendant voluntarily consented to the search of . . . his person" (*People v Herndon*, 75 AD3d 1083, 1084, *lv denied* 15 NY3d 852; *see generally People v Meredith*, 49 NY2d 1038, 1039). In any event, the court also properly determined that the evidence was not seized as the result of either a body cavity search or a visual body cavity inspection. It is well settled that a " 'visual body cavity inspection' [] occurs when a police officer looks at the arrestee's anal or genital cavities, usually by asking the arrestee to bend over; however, the officer does not touch the arrestee's body cavity. In contrast, a 'manual body cavity search' includes some degree of touching or probing of a body cavity that causes a physical intrusion beyond the body's surface" (*People v Hall*, 10 NY3d 303, 306-307, *cert denied* 555 US 938). Here, to the contrary, the evidence establishes that the investigator initially saw the string that was at the end of the bag when defendant pulled back the waistband of his pants and exhibited the top of his buttocks. The investigator then, "without touching [defendant] or invading his anal cavity, retrieved a plastic bag protruding from his buttocks" (*Matter of Demitrus B.*, 89 AD3d 1421, 1422; *see People v Butler*, 105 AD3d 1408, 1409, *lv denied* 21 NY3d 1072).

We have considered defendant's remaining contentions and conclude that they do not warrant modification or reversal of the judgment.

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court