# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

428
KA 12-02199
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

JASON L. LOPER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered July 16, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence imposed and as modified the judgment is affirmed, and the matter is remitted to Steuben County Court for the filing of a predicate felony offender statement and resentencing.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20) and, in appeal No. 2, he appeals from a judgment convicting him upon a nonjury verdict of attempted burglary in the third degree (§§ 110.00, 140.20). Defendant's contention in appeal No. 1 that his plea was not knowingly, voluntarily, or intelligently entered because his factual recitation did not specify when or where he committed the alleged crime is actually a challenge to the factual sufficiency of the plea allocution, and that contention is not preserved for our review because he did not move to withdraw his plea or to vacate the judgment of conviction on that ground. In any event, we note that defendant's " 'monosyllabic responses to [County Court's] questions did not render the plea invalid' " (*People v Gordon*, 98 AD3d 1230, 1230, *lv denied* 20 NY3d 932).

With respect to defendant's contention in appeal No. 1 that the court erred in failing to permit him to withdraw his guilty plea, defendant abandoned that contention inasmuch as he withdrew his pro se motion to withdraw his plea (*see People v Mower*, 97 NY2d 239, 246; *People v Robbins*, 83 AD3d 1531, 1531, *lv denied* 17 NY3d 821).

Defendant's further contention in appeal No. 1 that he was denied effective assistance of counsel " 'does not survive his guilty plea . . . because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (*People v Russell*, 55 AD3d 1314, 1314, *lv denied* 11 NY3d 930; *see People v Lugg*, 108 AD3d 1074, 1075).  In any event, defendant received "an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404; *see People v Davis*, 99 AD3d 1228, 1229, *lv denied* 20 NY3d 1010).  We reject defendant's contention in appeal No. 2 that he was denied effective assistance of counsel.  We conclude that defendant did not " 'demonstrate the absence of strategic or other legitimate explanations' " for defense counsel's failure to introduce facts in opposition to the People's recitation of the facts at the nonjury trial on stipulated facts (*People v Benevento*, 91 NY2d 708, 712; *see People v Howard*, 101 AD3d 1749, 1750-1751, *lv denied* 21 NY3d 944).

Defendant failed to preserve for our review his contention in each appeal that the People failed to comply with the procedural requirements of CPL 400.21 when he was sentenced as a second felony offender (*see People v Pellegrino*, 60 NY2d 636, 637; *People v Butler*, 96 AD3d 1367, 1368, *lv denied* 20 NY3d 931).  We nevertheless exercise our power to reach that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).  The People concede that they did not file a statement as required by CPL 400.21 (2), and the record does not reflect that defendant admitted the prior felony in open court (*see People v Butler*, 105 AD3d 1408, 1409, *lv denied* 21 NY3d 1072; *cf. Butler*, 96 AD3d at 1368).  We therefore modify the judgment in each appeal by vacating the sentence, and we remit the matter to County Court for the filing of a predicate felony offender statement pursuant to CPL 400.21 prior to resentencing (*see Butler*, 105 AD3d at 1409-1410).

Entered:  June 20, 2014                          Frances E. Cafarell
                                                 Clerk of the Court