## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  February 26, 2015                    105900
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Appellant,

            v                                   MEMORANDUM AND ORDER

MICHAEL NICHOLAS, Also Known
    as MICHAEL NICHOLAS
    CUMMINGS,
                        Respondent.
_____

Calendar Date:   January 7, 2015

Before:   Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

        Robert M. Carney, District Attorney, Schenectady (Kevin
Cheung of counsel), for appellant.

        Mark J. Caruso, Public Defender, Schenectady (Lauren Mack
of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeal from an order of the County Court of Schenectady
County (Drago, J.), entered March 15, 2013, which, among other
things, granted defendant's motion to suppress.

        During the afternoon on April 9, 2012, police stopped a car
in the City of Schenectady, Schenectady County, based on
information that there was an active arrest warrant for the
driver.  Defendant, a rear seat passenger, was observed by police
with his hand in the open zipper of his pants.  When he failed to
adhere to police directives to keep his hands in view, defendant
was removed from the car, placed face down in the street,

handcuffed and moved face down to an adjoining lawn of a high school.  During the removal, defendant's pants and underwear ostensibly came part way down exposing a portion of his buttocks, where an officer observed a white object.  A detective arrived, lifted defendant's underwear to see the object and summoned an ambulance; when the ambulance had not arrived after 20 to 25 minutes, the detective put on rubber gloves and removed the object from defendant's buttocks as he laid on the school lawn.  The object was a condom containing 69 packets of heroin.

Defendant was indicted on several charges and moved to, among other things, suppress the drugs seized from him.  Following a Mapp hearing, County Court rendered a detailed decision in which it found probable cause for the stop and that the two visual body cavity inspections were reasonable.  However, the court suppressed the evidence upon its finding that the detective had conducted a warrantless manual cavity search and that such search was unreasonable under the circumstances.  The People appeal.

In People v Hall (10 NY3d 303 [2008], cert denied 555 US 938 [2008]), the Court set forth the applicable standards for the three distinct and increasingly intrusive types of bodily examinations of a strip search, a visual body cavity inspection and a manual body cavity search.  We are concerned here with the third and most intrusive.  As to such a search, "the removal of an object protruding from a body cavity, regardless of whether any insertion into the body cavity is necessary, . . . cannot be accomplished without a warrant unless exigent circumstances reasonably prevent the police from seeking prior judicial authorization" (id. at 311; see People v More, 97 NY2d 209, 214 [2002]).  Examples of sufficient exigent circumstances could include that "the drugs were in imminent danger of being destroyed, disseminated or lost, or that defendant was in medical distress" (People v Hall, 10 NY3d at 313).

Although there was conflicting proof as to whether the object was actually in defendant's rectum or merely nesting in his underwear, County Court concluded that the object was secreted partially in defendant's body.  "[W]e accord great weight to the credibility determinations made by the suppression

court, given its peculiar advantage of having seen and heard the witnesses" (People v Issac, 107 AD3d 1055, 1057 [2013]). The record contains ample evidence to support County Court's conclusion and we discern no reason to disagree with its credibility determinations. Inasmuch as the record supports the determination that the object was at least partially in defendant's rectum and was removed without a warrant, it was incumbent upon the People to establish exigent circumstances.

This they failed to do. The detective indicated that he was concerned that defendant could tamper with the evidence and also that the object containing the contraband could rip, resulting in a medical emergency for defendant. Given defendant's position of being handcuffed face down with three police guarding him, County Court was unpersuaded that defendant tampering with the object constituted an acceptable exigent circumstance. The court further noted that, had an emergency existed, police would not have waited for 20 to 25 minutes before removing the item. The detective acknowledged that he could have made an oral application to a judge for a warrant. There was insufficient proof that defendant's health was in immediate jeopardy and, as observed by County Court, accepting as a medical exigent circumstance the presence of an object such as this in a defendant's body would essentially eviscerate the warrant requirement whenever a defendant secreted suspected drugs in his or her body. The remaining arguments by the People have been considered and are either academic or unavailing.

Garry, Rose and Devine, JJ., concur.

ORDERED that the order is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court