■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DURHAM, Appellant. [44 NYS3d 33]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered March 28, 2014, as amended June 5, 2014, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of five years, unanimously affirmed.

Regardless of whether defendant validly waived his right to

appeal, review of his suppression claim is independently foreclosed by the fact that he pleaded guilty before the court issued any ruling on his suppression motion (*see People v Fernandez*, 67 NY2d 686, 688 [1986]). Nothing in the record, including the clerk's worksheet, shows that the court issued "[a]n order finally denying a motion to suppress evidence" (CPL 710.70 [2]), either orally or in writing. Defendant's suggestion that the court may have rendered a decision, but that it somehow went unrecorded, is baseless. Moreover, the circumstances surrounding the plea tend to confirm that the motion remained undecided at the time the plea was taken. Accordingly, review of the claim is barred by the fact that no ruling was ever made on defendant's suppression motion.

However, there is merit to defendant's claim that the police lacked the requisite reasonable suspicion to conduct a strip search. The record showed only that defendant was arrested during a buy-and-bust operation in a drug-prone location. Defendant was not observed reaching into his pants and no drugs were found on his clothing. "The police officers' generalized knowledge that drug sellers often keep drugs in their buttocks, and the fact that no drugs were found in a search of defendant's clothing [a]re insufficient" (*People v Colon*, 80 AD3d 440, 440 [1st Dept 2011]).

There is also merit to defendant's claim that the strip and visual body cavity search were not conducted in a reasonable manner and without a warrant or exigent circumstances. The record shows that defendant had his clothing torn from his body and was searched in the presence of four or five officers, belying the imperative to seek out "utmost privacy, and in the presence of only those members of the service reasonably necessary to conduct the search" to "achieve a balance between the privacy and personal dignity concerns of [the arrestee]," as set forth in the provisions of the NYPD Patrol Guide (Procedure No. 208.5 [C] [4] [2013]) concerning strip search procedures. The violence of the search—which resulted in physical injury to defendant requiring transfer to the hospital—was unnecessary particularly given that defendant was not being charged with a violent offense.

Further, the record indicates that defendant was very likely subjected to a warrantless manual cavity search of his rectum* (*see People v Hall*, 10 NY3d 303, 312 [2008], *cert denied* 555

---

* The officer maintained that the item "fell" from defendant's buttocks—after defendant purportedly shoved it further up his rectum—and was not physically removed. The credibility of this explanation was not assessed as the court did not rule on the motion prior to entry of the plea.

US 938 [2008]). Potential dissemination or destruction of drugs was not a concern where defendant was already in a secure cell with five officers watching him (*see People v Nicholas*, 125 AD3d 1191, 1193 [3d Dept 2015]).

We also perceive no basis for reducing the sentence. Concur— Richter, J.P., Manzanet-Daniels, Feinman, Kapnick and Gesmer, JJ.

