People v Feddiman (2019 NY Slip Op 01027)





People v Feddiman


2019 NY Slip Op 01027


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND CURRAN, JJ.


1187 KA 16-01505

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAMAR FEDDIMAN, DEFENDANT-APPELLANT. 






FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (DAVID A. COOKE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered June 27, 2014. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law
§ 160.10 [2] [b]). We reject defendant's contention that his waiver of the right to appeal was not knowing, voluntary, and intelligent (see generally People v Lopez, 6 NY3d 248, 256 [2006]). County Court "did not conflate that right with those automatically forfeited by a guilty plea" (People v McCrea, 140 AD3d 1655, 1655 [4th Dept 2016], lv denied 28 NY3d 933 [2016] [internal quotation marks omitted]), and we conclude that "[t]he plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Williams, 132 AD3d 1291, 1291 [4th Dept 2015], lv denied 26 NY3d 1151 [2016]). Defendant's contention that his plea was not knowingly, voluntarily, or intelligently entered because he did not specify when or where the crime occurred is actually a challenge to the factual sufficiency of the plea allocution (see People v Loper, 118 AD3d 1394, 1394-1395 [4th Dept 2014], lv denied 25 NY3d 1204 [2015]) and thus is encompassed by the valid waiver of the right to appeal (see People v Schmidli, 118 AD3d 1491, 1491 [4th Dept 2014], lv denied 23 NY3d 1067 [2014]). The valid waiver of the right to appeal also forecloses defendant's challenge to the severity of his sentence (see generally Lopez, 6 NY3d
at 255).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court