People v Chase (2024 NY Slip Op 01837)

People v Chase

2024 NY Slip Op 01837

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

112053 CR-23-1333
[*1]The People of the State of New York, Respondent,
v
Jason R. Chase, Appellant.

Calendar Date:February 20, 2024

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Christopher James Di Donna of counsel), for respondent.

Garry, P.J.
Appeals (1) from a judgment of the County Court of Otsego County (Brian D. Burns, J.), rendered December 7, 2018, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree (two counts), (2) from a judgment of said court, rendered April 12, 2019, which resentenced defendant, and (3) by permission, from an order of said court (John F. Lambert, J.), entered May 2, 2023, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and set aside the sentence, without a hearing.
In September 2017, based upon information provided by a confidential informant, Oneonta Police Detective Branden Collison applied for a warrant to search defendant and the motel room that he occupied for heroin and cocaine, together with evidence related to the possession and sale thereof. A warrant was issued and executed, and police discovered items consistent with the sale of cocaine and heroin. Defendant was then brought to the police station where he was strip-searched, and a package was recovered from between his buttocks. The contents of this package were later identified as 61 wax paper folds of heroin and 11 knotted bags of crack cocaine. As a result, defendant was charged with criminal possession of a controlled substance in the third degree (two counts). Defendant thereafter unsuccessfully moved to suppress the physical evidence recovered during the search of his person, among other things. Following a jury trial, defendant was convicted as charged. The initial sentence imposed was illegal; County Court (Burns, J.) thereafter resentenced defendant, as a second felony drug offender, to concurrent prison terms of 12 years on each count, to be followed by three years of postrelease supervision. Defendant's subsequent motion to, among other things, vacate the judgment of conviction pursuant to CPL 440.10 was denied by County Court (Lambert, J.) without a hearing. Defendant now appeals from the judgment of conviction, the judgment after resentencing and, by permission, from the denial of his posttrial motion.
First, defendant challenges the denial of his motion to suppress, asserting that he was subjected to an unlawful body cavity search. "There are three distinct and increasingly intrusive types of bodily examinations undertaken by law enforcement after certain arrests"; namely, a strip search, a visual body cavity inspection, and a manual body cavity search (People v Hall, 10 NY3d 303, 306 [2008], cert denied 555 US 938 [2008]). As relevant here, "[a] 'strip search' requires the arrestee to disrobe so that a police officer can visually inspect the person's body" (id.), whereas "a visual body cavity inspection involves the inspection of the subject's anal or genital areas without any physical contact by the officer and, in contrast, a manual body cavity search includes some degree of touching or probing of a body cavity that causes a physical intrusion beyond the body's [*2]surface" (People v Holton, 160 AD3d 1288, 1289 [3d Dept 2018] [internal quotation marks and citation omitted], lv denied 32 NY3d 938 [2018]).
The testimony adduced at the suppression hearing demonstrates that the package at issue did not simply "fall from defendant's body of its own accord" upon a merely visual inspection (id.). The officer who conducted the search of defendant's person testified that he had to physically manipulate defendant's anatomy by separating his buttocks before dislodging the bundle of drugs. Although the officer allegedly removed the object without it having to be "pried out very hard," this nonetheless reveals that some force, and the manipulation of defendant's body beyond his own movements, was required to retrieve the item. Corresponding video of the search reveals that two officers were involved in separating defendant's buttocks, and then pulled an item from his body. Defendant similarly testified that the package of drugs was "pulled . . . out of [his] . . . rectum." In view of the nature of the physical intrusion upon defendant's body, we find that defendant was subjected to a manual body cavity search (see id.; People v Nicholas, 125 AD3d 1191, 1192 [3d Dept 2015]).
"[T]he removal of an object protruding from a body cavity, regardless of whether any insertion into the body cavity is necessary, cannot be accomplished without a warrant unless exigent circumstances reasonably prevent the police from seeking prior judicial authorization" (People v Nicholas, 125 AD3d at 1192 [internal quotations marks, ellipsis and citation omitted]; see People v Hunter, 73 AD3d 1279, 1281 [3d Dept 2010]). Even where a search warrant has been previously obtained, it is axiomatic that such "warrant exists and is required not simply to permit, but to circumscribe police intrusions" (People v Mothersell, 14 NY3d 358, 367 [2010]). Here, the search warrant that had been previously obtained authorized the search of defendant's person but did not authorize a manual body cavity search. Notably, the warrant application made no such request. Moreover, although exigent circumstances bypassing the warrant requirement may be shown where "the drugs were in imminent danger of being destroyed, disseminated or lost, or that defendant was in medical distress" (People v Hall, 10 NY3d at 313; accord People v Nicholas, 125 AD3d at 1192), no such showing has been made here. We find that the search of defendant was conducted in violation of the Fourth Amendment and, thus, that the recovered drugs should have been suppressed. Accordingly, the judgment of conviction must be reversed, defendant's motion to suppress the physical evidence recovered during that search granted, and the indictment dismissed.
This determination renders defendant's remaining contentions academic.
Egan Jr., Clark, Pritzker and Mackey, JJ., concur.
ORDERED that the judgments are reversed, on the law, motion to suppress granted, and indictment dismissed.
ORDERED that the appeal [*3]from the order is dismissed, as academic.