THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY COPELAND, III, Appellant. [842 NYS2d 651]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered September 17, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of assault in the second degree (Penal Law § 120.05 [2]), and two counts each of criminal possession of a weapon in the second degree (former § 265.03 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1], [4]). Defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to request limiting instructions concerning evidence of defendant's parole status and defense counsel's failure to object to the prosecutor's improper remarks concerning his parole status on summation. We reject that contention (see generally People v Baldi, 54 NY2d 137, 147 [1981]). The constitutional right to effective assistance of counsel "does not guarantee a perfect trial, but assures the defendant a fair trial" (People v Flores, 84 NY2d

184, 187 [1994]). Here, defendant failed to meet his burden of demonstrating "the absence of strategic or other legitimate explanations for [defense] counsel's [alleged] failure[s]" (*People v Rivera*, 71 NY2d 705, 709 [1988]). The evidence of defendant's parole status was necessary in order to "complete the narrative of the crime[s] charged" (*People v Tabora*, 139 AD2d 540, 541 [1988], *lv denied* 72 NY2d 925 [1988]), and the prosecutor thus was entitled to refer to that evidence on summation (*cf. People v Casey*, 37 AD3d 1113, 1116-1117 [2007], *lv denied* 8 NY3d 983 [2007]). Defendant failed to preserve for our review his further contention that the evidence of his constructive possession of a weapon on November 14, 2003 is legally insufficient to support the conviction of criminal possession of a weapon in the second degree under count three of the indictment and criminal possession of a weapon in the third degree under counts four and five (*see People v Boodrow*, 30 AD3d 758, 759 [2006], *lv denied* 7 NY3d 900 [2006]; *see generally People v Gray*, 86 NY2d 10, 19 [1995]; *People v Kleinhans*, 236 AD2d 790 [1997], *lv denied* 89 NY2d 1096 [1997]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.