THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEYONTAY C. RICKS, Appellant. [856 NYS2d 346]—

Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]) and criminal possession of stolen property in the third degree (§ 165.50), defendant contends that the evidence is legally insufficient to convict him of robbery in the first degree

as an accomplice. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the jury could have reasonably inferred that defendant intended to steal property forcibly and that he intentionally aided the principal in his commission of the robbery (*see* Penal Law § 20.00; *People v Mariko*, 267 AD2d 113 [1999], *lv denied* 94 NY2d 950 [2000]; *People v Woods*, 238 AD2d 900 [1997], *lv denied* 90 NY2d 912 [1997]). We further conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

Supreme Court properly admitted in evidence the People's CPL 710.30 notice setting forth defendant's statements to the police. Contrary to defendant's contention, that document did not bolster the prior testimony of a witness who had testified before the document was admitted in evidence (*see People v Smith*, 24 AD3d 1253 [2005], *lv denied* 6 NY3d 818 [2006]; *cf. People v Randle* [appeal No. 2], 21 AD3d 1341 [2005], *lv denied* 6 NY3d 757 [2005]). Defendant failed to preserve for our review his further contention that the court erred in refusing to suppress his statements to the police in which he referred to the fact that he was on parole inasmuch as he failed to seek suppression of the statements on that ground (*see generally People v Rogers*, 34 AD3d 504 [2006], *lv denied* 8 NY3d 849 [2007]). We reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to preserve that contention for our review (*see People v Copeland*, 43 AD3d 1436 [2007]). Indeed, we conclude upon the record before us that defense counsel provided meaningful representation (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Defendant also failed to preserve for our review his contention that he was deprived of a fair trial based on prosecutorial misconduct during summation (*see* CPL 470.05 [2]). In any event, "the prosecutor's comments constituted fair response to defense counsel's summation . . . and 'did not exceed the broad bounds of rhetorical comment permissible in closing argument' " (*People v Anderson*, 274 AD2d 974, 974 [2000], *lv denied* 95 NY2d 863 [2000], quoting *People v Galloway*, 54 NY2d 396, 399 [1981]). In addition, defendant failed to preserve for our review his contention that the People improperly elicited the testimony of a police officer indicating that a nontestifying witness identified the principal as the individual who robbed him (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we reject defendant's contention that the court erred in refusing to charge the lesser included offense of criminal possession of stolen property in the fifth degree (Penal Law § 165.40). There is no reasonable view of the evidence to support a finding that defendant committed the lesser offense but not the greater offense of criminal possession of stolen property in the third degree (*see generally People v Glover*, 57 NY2d 61, 63 [1982]). Present—Martoche, J.P., Lunn, Fahey, Peradotto and Pine, JJ.