# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

193

KA 09-02219

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

GREGORY BERNARD, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

BETH A. RATCHFORD, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered September 25, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant contends in both appeals that the People failed to disclose *Brady* material in a timely manner. We agree. We conclude, however, that the *Brady* violation does not require reversal because the information was turned over as *Rosario* material prior to jury selection, thus affording defendant a "meaningful opportunity" to use the information during cross-examination (*People v Middlebrooks*, 300 AD2d 1142, 1143, *lv denied* 99 NY2d 630; *see People v Cortijo*, 70 NY2d 868, 870; *People v Abuhamra*, 107 AD3d 1630, 1631, *lv denied* 22 NY3d 1038). Contrary to defendant's contention, there is no "reasonable probability that, had the evidence been disclosed to [him]" prior to the *Wade* hearing, " 'the result of the [hear]ing would have been different' " (*People v Chin*, 67 NY2d 22, 33). Defendant failed to preserve for our review his alternative contention that County Court erred in failing to reopen the *Wade* hearing based upon the delayed disclosure (*see People v Clark*, 28 AD3d 1231, 1232; *People v Highsmith*, 259 AD2d 1006, 1007, *lv denied* 93 NY2d 925), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the further contention of defendant that he was denied

effective assistance of counsel by his attorney's failure to request a limiting instruction with respect to certain *Molineux* evidence. Indeed, defense counsel "declined such an instruction on the record after a colloquy with County Court in which it was clear that doing so was part of a legitimate trial strategy" (*People v Smith*, 41 AD3d 964, 965, *lv denied* 9 NY3d 881), and we will not "second-guess" that strategic decision on appeal (*People v Cherry*, 46 AD3d 1234, 1238, *lv denied* 10 NY3d 839; *see People v Williams*, 107 AD3d 1516, 1516-1517, *lv denied* 21 NY3d 1047; *People v Copeland*, 43 AD3d 1436, 1436-1437, *lv denied* 9 NY3d 1032). Moreover, our review of the record as a whole establishes that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Finally, the sentence is not unduly harsh or severe.

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court