# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1292/14**
**KA 10-01387**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PHILLIP COUSER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Dennis M. Kehoe, A.J.), rendered April 8, 2010. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, criminal possession of a weapon in the second degree (two counts), attempted robbery in the first degree (three counts) and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentences imposed on the fifth through seventh counts run concurrently with each other and consecutively to the sentence imposed on the second count, and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]) and three counts of attempted robbery in the first degree (§§ 110.00, 160.15 [4]). In appeal No. 2, defendant appeals from a judgment convicting him upon his *Alford* plea of attempted murder in the first degree (§§ 110.00, 125.27 [1] [a] [vii]). The charges arose from defendant's display of a gun and threats to a group of five people in a park, the theft of a purse from a female victim in the group, the firing of a shot from that gun, which grazed the head of a male victim in the group, and the recovery of a different gun from defendant's residence at a later date.

In appeal No. 1, defendant contends that he was denied a fair trial by Supreme Court's (Kehoe, A. J.) *Molineux* ruling and, alternatively, by the court's failure to give a limiting instruction with respect to the *Molineux* evidence. Defendant did not preserve his alternative contention for our review, and we decline to exercise our power to review it as a matter of discretion in the interest of

justice (*see People v Williams*, 107 AD3d 1516, 1516, *lv denied* 21 NY3d 1047; *see also* CPL 470.15 [6] [a]).  We conclude that the court properly ruled that the People could present *Molineux* evidence that defendant was on probation at the time of the crimes herein inasmuch as such evidence was "necessary in order to 'complete the narrative of the crime[s] charged' " (*People v Copeland*, 43 AD3d 1436, 1437, *lv denied* 9 NY3d 1032).

In any event, we conclude that any error in the admission of *Molineux* evidence is harmless.  The evidence at trial included the testimony of four of the five victims from the park, who testified that defendant was the man who pointed a gun at them, ordered the group to the ground on threat of killing someone, directed another person to grab a purse from a victim, and put the gun to the back of the head of one of the victims and fired a shot, which grazed the back of the head of that victim.  The evidence at trial also included defendant's statements to the police, in which he admitted to participating in the gunpoint robbery and possessing the gun found at his residence.  Thus, the evidence of guilt is overwhelming (*see People v Kelly*, 71 AD3d 1520, 1521, *lv denied* 15 NY3d 775; *People v Baker*, 21 AD3d 1435, 1436, *lv denied* 6 NY3d 773), and we conclude that there is no significant probability that "the jury would have acquitted defendant if the allegedly improper *Molineux* evidence had been excluded" (*People v Casado*, 99 AD3d 1208, 1212, *lv denied* 20 NY3d 985; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Contrary to defendant's further contention in appeal No. 1, we conclude that he received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).  "Under the circumstances, and in light of the People's case, . . . [defense] counsel pursued a logical defense strategy and successfully" avoided a conviction at trial on the highest count of the indictment (*People v Hall*, 68 AD3d 1133, 1133, *lv denied* 14 NY3d 800; *see generally People v Benevento*, 91 NY2d 708, 712-713).

Defendant further contends in appeal No. 1 that the court's imposition of four consecutive sentences on the second count, for robbery in the first degree, and the fifth through seventh counts, for attempted robbery in the first degree, is illegal pursuant to Penal Law § 70.25 (2) because those counts are based upon a single act, i.e., the display of a gun to the group.  We agree in part with defendant and conclude that the actus reus of the fifth through seventh counts was a single act constituting one offense, and thus the sentences on those counts must run concurrently with each other (*see generally People v Wright*, 19 NY3d 359, 363-364).  We therefore modify the sentence in appeal No. 1 accordingly.  The effect of the modification is a reduction of the aggregate sentence to a total of 33 years of imprisonment, i.e., 18 years of imprisonment for the second count plus 15 years of imprisonment for the fifth through seventh counts.

We further conclude, however, that the court properly ordered the sentence on the second count to run consecutively to the sentences on

counts five through seven.  "When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences . . . must run concurrently" (Penal Law § 70.25 [2]).  "It is well settled that 'sentences imposed for two or more offenses may not run consecutively:  (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other' " (*People v Jackson*, 56 AD3d 1295, 1296, quoting *People v Laureano*, 87 NY2d 640, 643; *see People v Wright*, 19 NY3d 359, 363; § 70.25 [2]).  "If the statutory elements . . . overlap under either prong of [section 70.25], the People may yet establish the legality of consecutive sentencing by showing that the 'acts or omissions' committed by defendant were separate and distinct acts" (*Laureano*, 87 NY2d at 643).  It is equally well settled, however, that "trial courts retain consecutive sentence discretion when separate offenses are committed through separate acts, though they are part of a single transaction" (*People v Brown*, 80 NY2d 361, 364).  Here, the second count included an additional act, i.e, the taking of the purse, which allowed the court to impose a consecutive sentence thereon.

In appeal No. 2, defendant contends that his plea must be vacated if, in appeal No. 1, the conviction is reversed or the aggregate sentence is reduced.  After defendant was sentenced in appeal No. 1, the court (Affronti, J.) accepted defendant's *Alford* plea to attempted murder in the first degree and sentenced him in accordance with a plea offer to the minimum sentence, i.e., 15 years to life imprisonment, to run concurrently with the sentence in appeal No. 1.  Inasmuch as we are not reversing his conviction in appeal No. 1, "[t]he critical question is whether the . . . reduction of the preexisting sentence nullifie[s] a benefit that was *expressly promised* and was a material inducement to the [*Alford*] plea" (*People v Rowland*, 8 NY3d 342, 345 [emphasis added]).  We conclude that the modification of the aggregate sentence in appeal No. 1 to 33 years does not nullify a benefit that was expressly promised and was not a material inducement to defendant's plea, and defendant is therefore not entitled to vacatur of the plea (*see id.; see generally People v Pichardo*, 1 NY3d 126, 129).

In appeal No. 2, defendant further contends that his plea must be vacated because he was denied effective assistance of counsel based on defense counsel's failure to recognize that defendant was not subject to a consecutive sentence for the attempted murder count.  To the extent that defendant's contention concerning ineffective assistance of counsel survives his *Alford* plea (*see People v Thompson*, 4 AD3d 785, 785-786, *lv denied* 2 NY3d 808), we reject that contention.  The record establishes that defendant received "an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404).  In any event, contrary to defendant's contention, we conclude that a concurrent sentence was not required for the attempted murder count in appeal No. 2 because the shooting of the male victim was an act separate and distinct from the criminal acts in appeal No. 1.  The sentence in appeal No. 2 was

therefore "not subject to the strictures of Penal Law § 70.25 (2)" (*People v Rodriquez*, 79 AD3d 644, 645, *affd* 18 NY3d 667; *see generally People v Battles*, 16 NY3d 54, 58-59). "Where, as here, separate acts are committed against different victims during the same criminal transaction, the court may properly impose consecutive sentences in the exercise of its discretion" (*People v Lemon*, 38 AD3d 1298, 1299, *lv denied* 9 NY3d 846, *reconsideration denied* 9 NY3d 962). We have reviewed defendant's remaining contention in appeal No. 2 and conclude that it lacks merit.

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court