People v McNeil (2020 NY Slip Op 01643)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v McNeil

2020 NY Slip Op 01643

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2017-12357
(Ind. No. 16-00261)

[*1]The People of the State of New York, respondent,
vJunathan S. McNeil, appellant.

Del Atwell, East Hampton, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Craig Stephen Brown, J.), rendered October 31, 2017, convicting him of attempted murder in the second degree (two counts), assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review, as he made only a general motion for a trial order of dismissal (see People v Tallon, 175 AD3d 1598; People v Davidson, 150 AD3d 1142; People v Cutting, 150 AD3d 873). In any event, viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), the evidence was legally sufficient to prove the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Furthermore, contrary to the defendant's contention, any inconsistencies between the grand jury testimony and trial testimony of one of the complainants were not of such magnitude as to render her trial testimony incredible or unreliable as a matter of law, particularly given that her trial testimony was consistent with her statement to the police on the night of the incident. Any inconsistencies were matters to be considered by the jury in assessing that complainant's credibility (see People v Butkiewicz, 175 AD3d 792; People v Jordan, 44 AD3d 875). According due deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Romero, 7 NY3d 633, 644), the verdict was not against the weight of the evidence.
The imposition of consecutive sentences for the two counts of attempted murder in the second degree was lawful because the acts committed were separate and distinct, even though they were part of a single transaction (see People v Couser, 28 NY3d 368, 375-376; People v Laureano, 87 NY2d 640, 643). Where, as here, separate acts are committed against different victims during the same criminal transaction, the court may properly impose consecutive sentences in the exercise of its discretion (see People v Harris, 129 AD3d 990; People v Couser, 126 AD3d 1419, affd 28 NY3d 368; People v Hamilton, 96 AD3d 1518). Although the defendant has no criminal history, in light of the seriousness of the offenses committed, there are no extraordinary [*2]circumstances, or an improvident exercise of discretion, warranting a reduction in the sentence imposed (see People v West, 166 AD3d 1080; People v Blanco, 156 AD3d 945).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court