The People of the State of New York, Respondent, v Tristan Taylor, Appellant. [871 NYS2d 791]—

Memorandum: On appeal from a judgment convicting him of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) and failure to wear a seatbelt (Vehicle and Traffic Law § 1229-c [3]), defendant contends that Supreme Court erred in refusing to suppress his statements to the police because he had not waived his *Miranda* rights at the time the statements were made. We reject that contention. Although defendant was in custody when the statements were made inasmuch as he was handcuffed and under arrest, we conclude that his statements were spontaneous and that the postarrest actions of the police officers did not constitute the functional equivalent of interrogation (*see People v Hann*, 198 AD2d 904 [1993], *lv denied* 83 NY2d 805 [1994]; *see generally Rhode Island v Innis*, 446 US 291, 300-302 [1980]; *People v Ferro*, 63 NY2d 316, 322-323 [1984], *cert denied* 472 US 1007 [1985]). We also reject the contention of defendant that the officers violated his constitutional rights when they searched and detained him

prior to identifying him. The officers' observation that defendant was not wearing a seatbelt was sufficient reason to stop the vehicle in which defendant was a passenger (*see generally People v Ingle*, 36 NY2d 413, 414 [1975]). Based on the failure of defendant to produce identification, the police were justified "in arresting him to remove him to the police station and in frisking him before doing so" (*People v Ellis*, 62 NY2d 393, 396 [1984]; *see People v Copeland*, 39 NY2d 986 [1976]).

Defendant failed to preserve for our review his further contentions that he was deprived of his right to be present at all material stages of the trial (*see People v Robinson*, 239 AD2d 258, 260-261 [1997]; *see generally People v Robles*, 86 NY2d 763, 764-765 [1995]), and that he was deprived of his right to respond to a jury request (*see People v Peller*, 8 AD3d 1123 [2004], *lv denied* 3 NY3d 679 [2004]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention that the conviction is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to the contention of defendant, the People established that he "exercised dominion or control over the property by a sufficient level of control over the area in which the contraband [was] found" (*People v Pichardo*, 34 AD3d 1223, 1224 [2006], *lv denied* 8 NY3d 926 [2007] [internal quotation marks omitted]). Furthermore, we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to defendant's further contention, the court's charge on the issue of constructive possession did not change the theory of the People's case from that set forth in the indictment and bill of particulars (*see People v Charles*, 61 NY2d 321, 327-329 [1984]). We also reject defendant's *Batson* challenge. The prosecutor offered legitimate, nonpretextual reasons for exercising a peremptory challenge with respect to an African-American prospective juror (*see generally People v Smocum*, 99 NY2d 418, 422-423 [2003]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Centra, Green and Pine, JJ.