■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS HARRY, Appellant. [884 NYS2d 712]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered February 11, 2008, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of five years, unanimously affirmed.

We find no basis for disturbing the court's credibility determinations, including its finding that the police did not conduct a manual body cavity search. Further, we conclude that the visual cavity inspection was conducted with "a specific, articulable factual basis supporting a reasonable suspicion to believe the arrestee secreted evidence inside a body cavity" (*People v Hall*, 10 NY3d 303, 311 [2008], *cert denied* 555 US —, 129 S Ct 159 [2008]).

Prior to arresting defendant, the police had observed him for a period of 30 to 35 minutes, during which time they observed three apparent drug transactions with other individuals. During each of the transactions, defendant was observed "reaching into his pants," after which he would make "hand-to-hand" contact with the individuals.

After defendant was arrested, he was handcuffed behind his back and placed in the police car. Once he was seated in the car, he was observed "moving around a lot, like sliding up and down in his seat and making movements with his hands . . . as if he

was attempting to either secrete something in his pants or remove something from his pants." One of the arresting officers testified that from his professional experience he was well aware that those involved in the drug trade often secreted contraband in their buttocks or groin area.

Thus, since defendant's actions gave the police reasonable suspicion that he may have been secreting drugs in a body cavity, the visual cavity search was justified (*see e.g. People v Clayton*, 57 AD3d 557, 558-559 [2008]). Concur—Friedman, J.P., Sweeny, Nardelli, Acosta and Richter, JJ.