# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1373**
**KA 12-01600**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

MARK A. SMITH, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, ORRICK, HERRINGTON & SUTCLIFFE LLP, WASHINGTON, DC (JEREMY R. PETERMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered May 30, 2012.  The judgment convicted defendant, upon a plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress physical evidence is granted, the indictment is dismissed and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.

Memorandum:  Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]).  We agree with defendant that County Court erred in denying that part of his omnibus motion to suppress evidence that a police officer retrieved from his underwear during a traffic stop.  The officer testified at the suppression hearing that he responded to a 911 call reporting that a man was selling drugs at a certain address.  The officer observed an occupied vehicle in the driveway of the residence and, when he saw the vehicle drive away, he followed it and observed dark tinted windows.  The officer stopped the vehicle based upon that apparent traffic infraction and, because defendant advised him that he did not have a driver's license, the officer was justified in asking defendant to exit the vehicle (*see People v Mundo*, 99 NY2d 55, 58; *People v Everett*, 82 AD3d 1666, 1666).  The officer testified that he began a pat search at defendant's waist area and, when he moved his hands toward defendant's back in that area, defendant leaned forward. The officer told defendant to stand straight and placed him in

handcuffs for the officer's safety before continuing the pat search in the back area of defendant's waist.  When defendant leaned forward a second time, the officer asked defendant if there was something in his pants that the officer "needed to know about."  Defendant did not respond, and the officer pulled open the front of defendant's underwear, looked at his genital area and saw a plastic bag in the bottom of defendant's underwear, which he retrieved.  The court determined that the search of that area constituted a visual cavity inspection, which was supported by "a reasonable suspicion to believe that defendant had secreted a weapon or contraband in the area that the officer was attempting to search."  That was error.

We note that the record does not support a conclusion that the pat search was justified based on a "reasonable suspicion that defendant committed or was about to commit a crime at the time of the [pat search]" (*People v Burnett*, 126 AD3d 1491, 1493), nor did the officer otherwise have a reasonable basis for fearing for his safety, to justify the pat search (*cf. People v Sims*, 106 AD3d 1473, 1474, *appeal dismissed* 22 NY3d 992).  Nevertheless, because the officer intended to transport defendant to the police station to charge him with the traffic infractions, he was justified in conducting a pat search for weapons before placing defendant in the patrol vehicle (*see People v Taylor*, 57 AD3d 1504, 1504-1505, *lv denied* 12 NY3d 788).  We note that a person's underwear, "unlike a waistband or even a jacket pocket, is not 'a common sanctuary for weapons' " (*Burnett*, 126 AD3d at 1494) and, in any event, the officer did not pat the outside of defendant's clothing to determine whether defendant had secreted a weapon in his underwear after defendant leaned forward.  Instead, he conducted a strip search by engaging in a visual inspection of the private area of defendant's body (*see Matter of Demitrus B.*, 89 AD3d 1421, 1422; *see generally People v Hall*, 10 NY3d 303, 306, *cert denied* 555 US 938).  The officer did not, however, engage in a visual cavity inspection, as determined by the hearing court (*see Hall*, 10 NY3d at 306).  We conclude that a visual inspection of the private area of defendant's body on a city street was not based upon reasonable suspicion that defendant was concealing a weapon or evidence underneath his clothing (*cf. Demitrus B.*, 89 AD3d at 1422; *People v Harry*, 63 AD3d 604, 604-605, *lv denied* 13 NY3d 860), and thus it was "patently unreasonable" (*Hall*, 10 NY3d at 311 n 8).  Because the officer's actions violated defendant's Fourth Amendment right against unreasonable search and seizure (*see generally id.* at 310-311), we reverse the judgment, vacate the plea, grant that part of the omnibus motion seeking to suppress physical evidence, dismiss the indictment and remit the matter to County Court for proceedings pursuant to CPL 470.45.

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court