# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

532
KA 12-00819
PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

TYNELL L. TISDALE, DEFENDANT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, SULLIVAN & CROMWELL LLP, NEW YORK CITY (CHRISTOPHER G. HORNIG OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered March 15, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, unlawful possession of marihuana and consumption or possession of alcoholic beverages in certain motor vehicles.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the motion seeking to suppress physical evidence relating to the first and second counts of the indictment is granted, the first and second counts of the indictment are dismissed and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment of Supreme Court (Winslow, J.) convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]), unlawful possession of marihuana (§ 221.05), and consumption or possession of alcoholic beverages in certain motor vehicles (Vehicle and Traffic Law § 1227 [1]). We agree with defendant that County Court (Geraci, J.) erred in refusing to suppress the cocaine recovered during an unlawful search of his person by the police.

According to the evidence presented at the suppression hearing, the police approached a vehicle parked more than 12 inches from the curb on a city street, which constitutes a traffic infraction. Upon observing two open bottles of beer in the center console, an officer directed defendant, who was in the front passenger seat, to exit the vehicle. Defendant complied, identifying himself and providing the officer with his name, address, and social security number. Noting

that defendant's left hand was clenched, the officer asked defendant to open that hand and, when defendant did so, the officer observed a dollar bill containing marihuana residue.  The officer handcuffed defendant and asked him if there was anything on his person that could harm the officer.  Defendant responded in the negative.  When asked if he had any illicit substances on him, defendant directed the officer to the front pocket of his sweatpants, from which the officer pulled a small bag of marihuana.  Defendant denied having any other contraband.

Without conducting any further pat down of defendant or gathering any other information, the officer untied the string holding up defendant's sweatpants, pulled the front of the sweatpants and defendant's underwear away from defendant's body, and looked down the front of defendant's body, past his genitals to his thighs.  Observing no contraband, the officer directed defendant to lean over the rear of the vehicle, whereupon he pulled back defendant's sweatpants and underwear at the rear of defendant's body and observed a bag in the area "underneath" his buttocks.  The officer retrieved the bag, which was later determined to contain crack cocaine.  Another small bag containing crack cocaine was found by the officer in the same general area.

As the People correctly concede, the search performed by the officer constituted a strip search (*see People v Smith*, 134 AD3d 1453, 1454), which must be justified by "a reasonable suspicion that the arrestee is concealing evidence underneath clothing" (*People v Hall*, 10 NY3d 303, 310-311, *cert denied* 555 US 938).  We conclude that the officer did not have the requisite reasonable suspicion.  Defendant was fully cooperative with the officer, admitting his possession of marihuana and denying possession of any other contraband.  There was no indication that defendant might be concealing any contraband under his clothing, and the mere fact that he possessed marihuana does not justify a strip search.  Although the People assert that the search was justified because defendant appeared to be nervous about being searched, the record reflects that defendant became nervous only after the officer began to perform the strip search (*cf. People v Walker*, 27 AD3d 899, 900-901, *lv denied* 7 NY3d 764).  We therefore reverse the judgment, vacate the plea, grant that part of defendant's motion seeking to suppress the cocaine, dismiss the first and second counts of the indictment, and remit the matter to Supreme Court for further proceedings on the remaining counts.

Frances E. Cafarell

Entered:  June 17, 2016

Clerk of the Court