People v Martinez-Gonzalez (2020 NY Slip Op 06593)





People v Martinez-gonzalez


2020 NY Slip Op 06593


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


569 KA 17-01095

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CRISTOBAL MARTINEZ-GONZALEZ, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 15, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress evidence relating to the third, fourth, fifth, sixth, and seventh counts of the indictment is granted, the third, fourth, fifth, sixth, and seventh counts of the indictment are dismissed, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of two counts of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]), arising from separate incidents, defendant contends that Supreme Court erred in refusing to suppress evidence obtained following the illegal stop of the vehicle in which defendant was a passenger. We agree.
The evidence adduced at the suppression hearing established that, on the day of defendant's arrest, officers were conducting further surveillance of a residence suspected to be a location for drug sales, immediately prior to the execution of a search warrant at the residence. A detective who could see only the front area of the residence to be searched observed multiple people whom he suspected to be customers arrive at and depart from the back area of the residence through the driveway. The detective also twice saw defendant come to the front yard of the residence to smoke a cigarette then return to the back area. Defendant eventually left the residence as a passenger in a vehicle. The detective conveyed the vehicle's plate number and direction of travel to an officer in a "take down" car, who followed defendant and attempted to effect a stop of the vehicle by activating the patrol vehicle's lights. The vehicle in which defendant was a passenger slowed and defendant jumped out and fled on foot into his own residence, where he was arrested soon after and found to be in possession of cocaine and heroin. We conclude that the information available to the detaining officer did not provide reasonable suspicion to justify the vehicle stop, and thus the court erred in refusing to suppress both the tangible property seized from defendant (see People v Stock, 57 AD3d 1424, 1424-1425 [4th Dept 2008]) and the showup identification that took place after defendant's arrest (see People v Spinks, 163 AD3d 1452, 1454 [4th Dept 2018]).
Based on defendant's proximity to a suspected drug house and his otherwise innocuous behavior (see generally People v De Bour, 40 NY2d 210, 216 [1976]; People v Riddick, 70 AD3d 1421, 1422 [4th Dept 2010], lv denied 14 NY3d 844 [2010]), the officer had, at most, a "founded suspicion that criminal activity [was] afoot," which permitted him to approach defendant and make a common-law inquiry (People v Moore, 6 NY3d 496, 498 [2006]). The mere fact that defendant was located in an alleged high crime area "does not supply that requisite [*2]reasonable suspicion, in the absence of 'other objective indicia of criminality' . . . , and no such evidence was presented at the suppression hearing" (Riddick, 70 AD3d at 1423; see People v Holmes, 81 NY2d 1056, 1058 [1993]). Because our determination "results in the suppression of all evidence in support of the crimes charged" in counts three through seven of the indictment, those counts must be dismissed (People v Lee, 110 AD3d 1482, 1484 [4th Dept 2013] [internal quotation marks omitted]; see People v Tisdale, 140 AD3d 1759, 1760-1761 [4th Dept 2016]; People v Finch, 137 AD3d 1653, 1655 [4th Dept 2016]). Further, although defendant's conviction of a second count of criminal possession of a controlled substance in the fifth degree arises from a separate incident, his plea of guilty "was expressly conditioned on the negotiated agreement that [he] would receive concurrent sentences on the separate counts to which he pleaded," and thus the plea must be vacated in its entirety (People v Clark, 45 NY2d 432, 440 [1978], rearg denied 45 NY2d 839 [1978]; see People v Massey [appeal No. 1], 112 AD2d 731, 731 [4th Dept 1985]). We therefore reverse the judgment, vacate the plea, grant that part of defendant's omnibus motion seeking to suppress all evidence arising from his February 11, 2016 arrest, dismiss the third, fourth, fifth, sixth, and seventh counts of the indictment, and remit the matter to Supreme Court for further proceedings on the remaining counts.
In light of our determination, we do not address defendant's remaining contentions.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court